Jerome REAGOR, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 72–3452.

United States Court of Appeals,
Fifth Circuit.

July 6, 1973.

Edward Mallett, Houston, Tex., (court appointed) for petitioner-appellant.

William S. Sessions, U. S. Atty., San Antonio, Tex., Ralph E. Harris, Ronald F. Ederer, Asst. U. S. Attys., El Paso, Tex., for respondent-appellee.

Before GOLDBERG, CLARK and RONEY, Circuit Judges.

GOLDBERG, Circuit Judge:

Petitioner, Jerome Reagor, was convicted on three counts, including one conspiracy count, of receiving and importing heroin in violation of 21 U.S.C. § 174. On direct appeal only the legality of an incriminating search was raised, and the conviction was affirmed. United States v. Reagor, 5 Cir. 1971, 441 F.2d 252.

In June of 1972, Reagor filed in the trial court a pro se[1] motion to vacate sentence under 28 U.S.C. § 2255 alleging that the prosecution suppressed evidence favorable to his defense. In particular, the petitioner alleged that the United States Attorney failed to inform the court that a co-conspirator, Maruffo, who testified against Reagor at trial, committed perjury by falsely testifying

1. Petitioner has been ably represented on this appeal by appointed counsel.

that he had received no promises from the United States Attorney in return for his testimony. The district court refused to grant petitioner a factual hearing on his motion which was summarily denied as follows:

"Came on to be considered the Petition filed herein by Petitioner JEROME REAGOR, and the Court having examined same finds that all matters therein have been considered by this court and the Appellate Court and are without merit and that said Petition presents nothing that this court can or should grant relief on and same is therefore DENIED."

It is from this summary denial that petitioner appeals.

The thrust of Reagor's petition is that under the 1972 Supreme Court decision in Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104, he would be entitled to a new trial if, in fact, the co-conspirator turned government witness did not accurately apprise the jury that the prosecution had made promises to him in return for his testimony. In Giglio, the Court granted relief upon finding first, that a co-conspirator had, in fact, testified falsely in denying any prosecutorial suggestion of leniency, and second, that the false testimony given by the co-conspirator was material.[2]

From the face of Reagor's petition there is a strong suggestion that Maruffo testified after receiving promises of leniency, although the allegations are in no way conclusive, and we explicitly decline to pass on the ultimate factual merits of the petition.[3] It is also clear that Maruffo's testimony, although not the only evidence, was highly instrumental in the conviction. Without Maruffo's testimony, the government's case would have been based entirely on a thin web of inconclusive circumstantial evidence and the fact that heroin was found concealed in the car in which the defendants were apprehended.[4] All of the other defendants denied any connection with the heroin and Maruffo's testimony was the only directly incriminating evidence in this regard. A serious challenge to Maruffo's credibility, such as that he had an ulterior motive for testifying, would have a "reasonable likelihood" of "affecting the judgment of the jury." See note 2, supra.

While it is true that Maruffo was questioned at trial and denied that any promises had been made, the record indicates that the trial court continually restricted the petitioner's cross-examination of Maruffo as to this issue, and that defendant was never given an adequate opportunity at trial to develop the factual basis for the claim sub judice. Furthermore, it was only after trial that Reagor was able to ascertain the full extent of the benevolence that had been accorded Maruffo at sentencing, and it is clear that Maruffo was rewarded for his testimonial assistance.[5] In short, peti-

2. Quoting Napue v. Illinois, 1959, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217, the Court in Giglio stated the materiality test as follows:

"A new trial is required if 'the false testimony could . . . in any reasonable likelihood have affected the judgment of the jury.'" 405 U.S. at 154, 92 S.Ct. at 766.

3. There are unrefuted allegations in the petition that Maruffo was taken from the jail to the courthouse twice the day before trial to meet with the prosecutors. There was evidence from one of the co-defendants that Maruffo told him of a deal. The primary charges against Maruffo were dropped by the prosecution and he ultimately pled guilty to and was convicted of possession only.

Maruffo had a prior narcotics record and it is clear that he was subject to a considerably higher sentence. The fact that the prosecutor had no legal obligation to charge Maruffo at all, see United States v. Cox, 5 Cir. 1965, 342 F.2d 167, is irrelevant as to the question of whether promises were made to Maruffo. The rather substantial charging down is at least evidentiary of the alleged promise.

4. The facts of the apprehension are set out fully in the Court's opinion on the direct appeal, 441 F.2d 252.

5. The fact that Maruffo was rewarded for his testimony does not establish the fact of a promise and as stated previously, it is only inconclusively evidentiary of the ultimate assertion.

tioner has at least raised a colorable, non-frivolous factual question as to whether Maruffo told the truth when he denied that promises were made for his testimony and if Reagor can meet the rather heavy burden of proving his ultimate factual assertions at a hearing, he would, under *Giglio*, be entitled to relief.[6]

Contested fact issues in § 2255 cases must be decided on the basis of evidentiary hearings and it was error for the district court to deny petitioner's motion without a hearing. Montgomery v. United States, 5 Cir. 1972, 469 F.2d 148; Brown v. United States, 5 Cir. 1972, 462 F.2d 681. The order of the district court denying § 2255 relief is therefore vacated and the cause is remanded for the district court to hold an evidentiary hearing on petitioner's claim.

Vacated and remanded.

---

6. Reagor's petition is not barred because of the failure to raise this question on direct appeal since (1) many of the relevant factual matters were unknown to petitioner at the time of trial and could not have been known, and (2) the decision in *Giglio* was not rendered until after the direct appeal was disposed of.