**Wesley Lee WILLIAMS, Petitioner-Appellant,**

**v.**

**UNITED STATES of America, Respondent-Appellee.**

**No. 73–1130**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Jan. 23, 1974.

Wesley Lee Williams, pro se.

William S. Sessions, U. S. Atty., San Antonio, Tex., Ronald F. Ederer, Asst. U. S. Atty., El Paso, Tex., for respondent-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

---

\* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 509, Part. I.

PER CURIAM:

This appeal is from the district court's summary denial of Williams' second motion to vacate judgment and sentence under 28 U.S.C. § 2255. We vacate the ruling below, and remand the cause for further proceedings.

Appellant Williams was convicted by a jury on three counts of an indictment charging violations of 21 U.S.C. § 174,[1] and was sentenced on October 2, 1969 to serve three concurrent sentences of five, ten, and ten years. He and one of his co-defendants appealed the judgment of conviction based upon the sole issue of the validity of the search which produced the contraband he was found guilty of importing. We rejected the contention and affirmed the convictions, sub nom., United States v. Reagor, 5th Cir. 1971, 441 F.2d 252.

One month after this Court refused to rehear the appeal, the appellant filed a motion to vacate in the district court. He contended that the trial court erred in denying him a hearing on his competency to stand trial and that he was prejudiced by the trial judge's conduct during the trial. On November 8, 1971, the district court concluded that the petition lacked merit, although no reasons were assigned, and summarily denied the appellant leave to proceed *in forma pauperis* in that court. Pursuant to Rule 24(a), F.R.A.P., the appellant addressed a motion for leave to appeal in forma pauperis to the district court. This was filed in that court on November 29, 1971, but as of this date has never been ruled upon.[2]

In December of 1972, the appellant filed his second § 2255 motion. As grounds for relief he alleged:

(1) The requirements of the Jencks Act were not met when the court inadvertently failed to supply him or counsel with certain pretrial reports prepared by a Government witness, thereby depriving him of the right to confront the witness against him, and of his right to compulsory process for obtaining favorable witnesses;

(2) He was denied effective assistance of counsel; and

(3) The Government knowingly used perjured testimony against him.[3]

In his motion, the appellant also claimed that "the issues presented herein have never before been presented to this or any other court or judge for the reason that petitioner has previously been without knowledge of asserting his rights or that he was entitled to redress for the errors committed by the court in the premise."

Two days after it was filed, the district court summarily denied the motion finding that "all matters set out therein have been heretofore heard and disposed of by this Court, and the Appellate Court, and presents no new matter entitling Petitioner to any relief."

 It is obvious from the aforestated brief history of Williams' attacks on his conviction that the issues raised in his latest § 2255 motion have never been before the district court or this Court. Therefore such a finding by the district court is clearly erroneous. Accordingly, the judgment denying relief must be vacated, and the cause remanded for further consideration. Prior to the court's consideration of the merits of the appellant's contentions, it should

1. The provisions formerly found in 21 U.S.C. § 174, repealed, October 1970, are now found in 21 U.S.C. § 960, § 963. Williams was convicted of conspiracy to receive, conceal, and facilitate the transportation and concealment of 9 grams of heroin; receipt, concealment, and facilitation of transportation and concealment of heroin; and importation of heroin.

2. On January 7, 1972, the appellant filed a petition for mandamus with the district court, seeking a ruling on his outstanding motion. The petition was denied by that court on February 29, 1972, again without assignment of reasons.

3. One of the codefendants with whom Williams was tried has also raised this issue in a section 2255 motion; see Reagor v. United States, 5 Cir., 1973, 488 F.2d 515.

make an initial determination of whether any of the claimed errors contained in motion filed December 6, 1972 were deliberately withheld by Williams in his previously denied § 2255 motion. See Sanders v. United States, 373 U.S. 1, 18, 83 S.Ct. 1068, 1078, 10 L.Ed.2d 148 (1963).

Vacated and remanded.