**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Willie Frank HART, a/k/a "Miami",
and Jerry Hammond, a/k/a "Tad-
pole", Defendants-Appellants.**

No. 75–2685
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 22, 1976.

G. M. Harrison, Jr., Dothan, Ala. (Court-appointed), for Hart.

Douglas M. Bates, Dothan, Ala. (Court-appointed), for Hammond.

Ira DeMent, U. S. Atty., D. Broward Segrest, J. Jerry Wood, Robt. C. Watson, Asst. U. S. Attys., Montgomery, Ala., for plaintiff-appellee.

Before BROWN, Chief Judge, GOD-BOLD and GEE, Circuit Judges.

PER CURIAM:

Appellants were convicted by a jury of distribution of cocaine, 21 U.S.C. § 841(a)(1).

Hart complains of alleged errors at the preliminary hearing conducted by a magistrate. Consistent with the spirit of F.R.Cr.P. 5.1 and under our decision in *Harris v. U. S.*, 458 F.2d 670, *cert. denied, sub nom., Scott et al. v. U. S.*, 409 U.S. 888, 93 S.Ct. 195, 34 L.Ed.2d 145 (1972), the magistrate was not required to permit Hart to elicit from the government witness, by cross-examination, the identity of the informer. Arguably *Coleman et al., v. Burnett*, 155 U.S.App. D.C., 477 F.2d 1187 (1973), is contrary, but it is not wholly consistent with F.R. Cr.P. 5.1(a), and we decline to follow it.

The confrontation clause of the Sixth Amendment was not violated by the magistrate's refusal to require the DEA agent-witness to produce a written statement of the undercover agent.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

*Harris v. U. S., supra.* Here, as in *Harris*, the appellant [Hart] confronted at trial the person whose statement was sought and had the opportunity to cross-examine him, and did so. The statement itself was clearly Jencks Act material.

Counsel for appellant Hammond has filed a motion asking that he be permitted to withdraw as counsel and also has filed an *Anders v. California* [1] brief raising a single evidentiary question. The issue is without merit. We have independently examined the entire record and find no reversible error relating to Hammond. The motion of his counsel for leave to withdraw is granted.

The convictions are affirmed.

---

1.  386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

