**Floyd DUPART, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 76–2016**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Nov. 5, 1976.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part. I.

Floyd Dupart, pro se.

Gerald J. Gallinghouse, U. S. Atty., Mary William Cazalas, Asst. U. S. Atty., New Orleans, La., for respondent-appellee.

Before GODBOLD, DYER and HILL, Circuit Judges.

PER CURIAM:

Petitioner Floyd Dupart presently appeals from the order of the District Court for the Eastern District of Louisiana denying, without granting an evidentiary hearing, his motion for post conviction relief pursuant to 28 U.S.C.A. § 2255.

In determining whether an evidentiary hearing is necessary Section 2255 directs the District Court to grant such hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *See Reagor v. United States*, 488 F.2d 515 (5th Cir. 1973).

Dupart in his petition alleges that the prosecution knowingly used perjured testimony to convict him. More specifically, he alleges that the government's witness, Charles Brown, at the time of his testimony was a paid informant and had been promised immunity against pending state and federal criminal charges in exchange for his services and testimony.

At trial, on direct examination, the following exchange occurred between the Assistant United States Attorney and Charles Brown:

Q: In your dealings with the Bureau of Narcotics and Dangerous Drugs, is this a voluntary act on your part?

A: Yes, Sir.

Q: Have you—are you working for the Bureau of Narcotics and Dangerous Drugs because there is a case pending against you, or there has been a case pending against you?

A: No, Sir.

Q: Are you doing—did you do what you did voluntarily?

A: Voluntarily, yes, Sir.

Q: Did you volunteer to do this?

A: Yes, Sir.

■ It is clear that if the government knowingly used perjured testimony to convict the petitioner, even as to matters only affecting the credibility of a witness, then the petitioner would be entitled to relief. *Napue v. Illinois*, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959).

This Court is aware that "charges" rather than a "case" may be pending against a witness. Likewise a course of conduct though motivated by legally coercive alternatives such as testifying or facing a criminal prosecution, may be considered to be voluntary. However, assuming the allegations to be true, such a formalistic exchange of testimony even though technically not perjurious, would surely be highly misleading to the jury, a body generally untrained in such artful distinctions.

■ Likewise the Court is mindful of the rule enunciated by the Supreme Court in *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), wherein the Court stated that *pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers. As this Court through Judge Goldberg stated:

The exhumation and resurrection of viable prisoner complaints which have been summarily given final rites and buried by district courts has become a major occupation of this Court. We recognize that prisoner complaints often seem annoying and insubstantial, and that the volume of such complaints faced by most district courts would try the patience of Job. Job-like patience, however, should be the judicial benchmark in this area. Technical rigidity in reviewing pleadings must be eschewed, and we must remain extremely tolerant of the juristically unlearned as they seek to articulate their belief that they have suffered deprivations of constitutional rights. *Covington v. Cole*, 528 F.2d 1365, 1373. (5th Cir. 1976).

■ Guided by the standard of review dictated by Section 2255 and the liberal rules applied to *pro se* pleadings, we must reverse and remand this case to the District Court. From a record silent as to the existence of criminal charges or cases against Charles Brown, we are unable to find that the motion, records and files of this case conclusively show that the prisoner is not entitled to relief.·

This does not mean that an evidentiary hearing must now be had in this case. It may well be that the District Court by its own action or by requiring a response from the government can gain sufficient information to dispose of petitioner's allegation without a hearing. Likewise, the failure of petitioner's counsel to address these allegations by cross-examination or by direct appeal may be the result of a deliberate trial tactic. However, these unanswered questions will have to await further proceedings in the District Court. Of course, we intimate no view on the merits of petitioner's allegations.

We have carefully examined the remaining allegations of the petition and find them to be without merit. This case is Affirmed in part; Reversed in part, and Remanded for further proceedings consistent with this opinion.