**Willie Frank HART,
Petitioner-Appellant,**

v.

**UNITED STATES of America,
Respondent-Appellee.**

**No. 77–2440
Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

Jan. 3, 1978.

---

\* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

## PER CURIAM:

Appellant was convicted of illegal distribution of cocaine in violation of 21 U.S.C. § 841(a)(1), and on direct appeal this Court affirmed. *United States v. Hart*, 526 F.2d 344 (5th Cir. 1976). Appellant subsequently filed a motion to vacate his sentence under 28 U.S.C. § 2255, alleging judicial and prosecutorial misconduct, ineffective assistance of counsel, introduction of perjured testimony, suppressed *Brady*[1] material, and judicial bias.

The district court, in a brief order,[2] denied the motion without an evidentiary hearing and without stating findings of facts or conclusions of law. In this posture, the record in the case is insufficient for our review, and, accordingly, we remand for further proceedings.

Section 2255 provides that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . ." In this case the district court apparently disposed of the motion under Rule 4(b).

Appellant, in his *pro se* motion, alleged *inter alia* that the prosecution knowingly used perjured testimony to convict him and that the key government witness, an informant without whose testimony a conviction would have been impossible, was facing federal charges.

Willie Frank Hart, pro se.

D. Broward Segrest, David L. Allred, Asst. U. S. Attys., Montgomery, Ala., for respondent.

---

1. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

2. "The motion of Willie Frank Hart filed with this Court April 20, 1977, asking the Court to vacate or set aside a sentence that was imposed upon him in this case on June 13, 1975, is ORDERED to be and is hereby denied."

If the government knowingly used perjured testimony to convict appellant, he would be entitled to relief. *Napue v. Illinois,* 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); *Dupart v. United States,* 541 F.2d 1148 (5th Cir. 1976). Moreover, although the mere existence of an arrest is not admissible to impeach the credibility of a witness, this Court has recognized that arrests may be admissible to show that an informer might falsely testify favorably to the government in order to put his own cases in the best light possible. *United States v. Garcia,* 531 F.2d 1303 (5th Cir.), cert. denied, 429 U.S. 941, 97 S.Ct. 359, 50 L.Ed.2d 311 (1976); *cf. United States v. Musgrave,* 483 F.2d 327 (5th Cir.), cert. denied, 414 U.S. 1023, 94 S.Ct. 447, 38 L.Ed.2d 315 (1973).

Appellant's allegations, if true, might well bring his case within the above-stated rule; however, we are simply unable to make such a determination on the basis of this record. We thus cannot find that the motion, records, and files of this case "conclusively show that the prisoner is entitled to no relief." Of course, we express no view on the merits.

This does not mean that an evidentiary hearing must now be held, however. The district court, by its own action or by requiring a response from the government, may be able to gain sufficient information to dispose of appellant's allegations without a hearing. *Dupart v. United States, supra.* Preparation of findings of fact and conclusions of law by the district court might well provide this court with a sufficient basis for review. For example, the court may have dismissed the motion because of procedural defects.

While the new rules to § 2255 do not require findings of fact and conclusions of law, such are plainly indispensable to appellate review. Prior to the effective date of the new rules, this Court had required the district court to state separately its findings of facts and conclusions of law in § 2255

cases, *e. g., Hopkins v. United States,* 423 F.2d 1206 (5th Cir. 1970), and this practice is not inconsistent with the new § 2255 rules.

Accordingly, this case is remanded to the district court for further proceedings.

REMANDED.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.