UNITED STATES of America,
Plaintiff-Appellee,

v.

Lige Cole EDWARDS,
Defendant-Appellant.

No. 83–2090
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 8, 1983.

Melvin J. Klein, Dallas, Tex., for defendant-appellant.

James R. Gough, Asst. U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge, POLITZ and HIGGINBOTHAM, Circuit Judges.

CLARK, Chief Judge:

Lige Edwards was convicted after a jury trial in federal court for dispensing illegal drugs and for conspiracy to dispense illegal drugs. This court in an unpublished opinion affirmed his conviction on direct appeal. Edwards then moved the district court to vacate judgment pursuant to 28 U.S.C. § 2255. The court summarily denied Edwards's motion, and he appeals. We vacate and remand.

Section 2255 provides that a federal prisoner who claims that his sentence was imposed in violation of the Constitution or the federal law may move the court to vacate, set aside, or correct the sentence. The statute continues:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds ... that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

In *Hart v. United States*, 565 F.2d 360 (5th Cir.1978), we held that, unless the record conclusively shows that the petitioner is entitled to no relief, the district court must set out his findings of fact and conclusions of law when ruling on a § 2255 motion. *Id.* at 362. Such findings and conclusions are "plainly indispensable to appellate review." *Id.* See also *Gray v. Lucas*, 677 F.2d 1086, 1099 (5th Cir.1982); *Thor v. United States*, 574 F.2d 215, 219 (5th Cir.1978).

In his § 2255 motion, Edwards alleged that he was denied the effective assistance of counsel in prosecuting his direct appeal. This allegation arises from a portion of the jury charge given at his trial. The court instructed:

As a general rule, it is reasonable to infer that a person ordinarily intends all the natural and probable consequence of acts knowingly done or knowingly omitted. So, *unless the evidence in the case leads the jury to a different or contrary conclusion,* the jury may draw the inference and find that the accused intended all the natural and probable consequences which one, standing in like circumstances, and possessing like knowledge should reasonably have expected to result from any act knowingly done or knowingly omitted by the accused.

(emphasis added).

Trial counsel objected to this portion of the charge on the ground that it violated *Mann v. United States,* 319 F.2d 404 (5th Cir.1963), *cert. denied,* 375 U.S. 986, 84 S.Ct. 520, 11 L.Ed.2d 474 (1964). One of Edwards's separately tried co-conspirators subsequently obtained appellate reversal of his conviction under an identical charge. *United States v. Sutton,* 636 F.2d 96 (5th Cir. 1981). Edwards's attorney did not raise the matter on direct appeal.

Edwards's allegations, if true, might well state a claim under *Mann* and *Sutton*[1]. His attorney may have thus failed to raise an issue, properly preserved at trial, that might have required reversal of his conviction. In other words, the record in this case does not conclusively show that Edwards is entitled to no relief. Therefore, the district court erred in failing to set out findings of fact and conclusions of law as it was required to do under § 2255. We emphasize that this opinion expresses no view on the merits of Edwards's claim. Indeed, effective appellate review at this point would be impossible. We vacate and remand only to give the district court an opportunity to enter appropriate findings.

VACATED and REMANDED.

---

1. In *United States v. Hausemann,* (5th Cir. 1983), we approved a charge somewhat similar to the charge given in the case at bar. *Id.* slip op. at ——. The instruction given in *Hausemann,* however, did not contain the language "unless the evidence in the case leads the jury to a different or contrary conclusion." In *United States v. Chiantese,* 560 F.2d 1244, 1255 (5th Cir.1977) (en banc) (plurality opinion), *cert. denied,* 441 U.S. 922, 99 S.Ct. 2030, 60 L.Ed.2d 395 (1979), this language was specifically disapproved.