861 F.2d 266
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gilbert Manson HILL, Jr., a/k/a Champ, Defendant-Appellant.
 No. 88-7659.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 16, 1988.
Decided: Oct. 21, 1988.
 
 Gilbert Manson Hill, Jr., appellant pro se.
 David B. Irwin (Office of United States Attorney), for appellee.
 Before MURNAGHAN and ERVIN, Circuit Judges and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Gilbert Manson Hill, a federal inmate, brought this petition pursuant to 28 U.S.C. Sec. 2255 seeking to attack his 1983 convictions of two counts of kidnapping and one count of second degree murder. As grounds for relief, Hill alleged that he received ineffective assistance of counsel and that certain inflammatory remarks of the prosecutor denied him due process. The district court dismissed the petition pursuant to 4(b), Rules Governing Proceedings in United States District Courts under 28 U.S.C. Sec. 2255, in a marginal order handwritten on Hill's petition. For the reasons discussed beloe, we affirm the judgment of the district court.
 
 
 2
 Under Rule 4(b), a judge shall order summary dismissal of a Sec. 2255 motion only if, after reviewing the motion, exhibits, files and transcripts relating to the judgment under attack, it is plainly apparent that the movant is not entitled to relief. In this context, summary dismissal simply means a dismissal made without requiring [an] answer from the respondent. Even in cases dismissed pursuant to Rule 4(b), the district court's opinion should, as in any other habeas case, clearly and completely set out the court's analysis of the petitioner's claims and its reasons for ordering dismissal. See United States v. Edwards, 711 F.2d 633 (5th Cir. 1983); United States v. Counts, 691 F.2d 348 (7th Cir. 1982). Such an approach benefits both the parties and the reviewing court. See United States v. Marr, 856 F.2d 1471 (10th Cir. 1988). In this case, it is a close question whether it is 'plainly apparent' that Hill's motion is meritless; however, having carefully reviewed the motion, record, and trial transcript, we are satisfied that none of Hill's claims entitles him to relief.
 
 
 3
 Hill's first claim was that he received ineffective assistance of counsel. Even assuming for the sake of argument that Hill's counsel's performance was deficient, we find there is no reasonable probability that the outcome of his trial was affected by his counsel's alleged errors. Accordingly, Hill failed to show the prejudice necessary to state a claim under the standard of Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 4
 Hill claimed his lawyer erred in failing to object to the all white composition of the jury. However, Hill did not allege that there was any available ground upon which such an objection might have been sustained. Thus, he failed to show he was prejudiced by his counsel's failure to object.
 
 
 5
 Next, Hill claimed his lawyer failed to investigate the facts and set forth a proper defense. Our review of the transcript indicates, however, that Hill's counsel was very familiar with the facts and pursued a well-considered defense strategy based on attacking the credibility of the prosecution's witnesses. This claim is without merit.
 
 
 6
 Equally meritless is Hill's claim that his lawyer failed to file a Rule 35 motion on his behalf. The record shows that Hill's counsel did, in fact, write a letter to the trial judge seeking a reduction in Hill's sentence which he requested be treated as a Rule 35 motion. To the extent that Hill's claim was that his counsel should have filed a more formal motion, Hill did not provide any possible ground for such a motion nor is one suggested by the record.
 
 
 7
 Hill next claimed that his lawyer erred by failing to raise on appeal every matter objected to at trial. Counsel, however, is not required to raise on appeal every non-frivolous issue requested by the defendant. Jones v. Barnes, 463 U.S. 745 (1983). A review of the transcript reveals that there is no reasonable probability that had any of the objections raised at trial been pursued on appeal the result in this case would have been any different.
 
 
 8
 Hill also claimed that his lawyer erred by not putting on a character defense. Given Hill's extensive prior criminal record, it is extremely doubtful that a character defense could have helped his case. He was not prejudiced by his counsel's decision not to put on this evidence.
 
 
 9
 As his final example of ineffective assistance, Hill claimed that his counsel did not inform him that he had a right to be present at bench conferences. Once again, there is absolutely no reason to believe the outcome of his trial would have differed had Hill attended these conferences. As with all his other ineffective assistance claims, Hill cannot show he was prejudiced by his counsel's alleged error.
 
 
 10
 Hill's final claim was that the prosecutor made inflammatory remarks in his closing argument. Specifically, the prosecutor recited a long list of charges for which Hill could have been indicted but was not. Any possible prejudicial effect of this remark was at least partially ameliorated when the trial judge ordered the jury to disregard the comment. Though this remark may have been objectionable, we do not believe that it so infected the trial with unfairness as to amount to a denial of due process. See Darden v. Wainwright, 477 U.S. 168 (1986).
 
 
 11
 In sum, none of the grounds raised in Hill's petition entitle him to relief. Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 12
 AFFIRMED.