877 F.2d 61
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis Wayne TART, Defendant-Appellant.
 No. 87-7331.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 4, 1989.
Decided June 9, 1989.
 
 John Robert Weed for appellant.
 Margaret Person Currin, Thomas P. Swaim, Office of the United States Attorney, for appellee.
 Before PHILLIPS, SPROUSE, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Dennis Wayne Tart was convicted in 1985 after a jury trial of possession with intent to distribute cocaine, possession with intent to distribute marijuana, and distribution of cocaine, all in violation of 21 U.S.C. Sec. 841(a)(1) (1982). After his convictions were affirmed on direct appeal Tart, now represented by different counsel, brought a motion, pursuant to 28 U.S.C. Sec. 2255, to vacate his convictions and sentences. Without ordering a response from the government, the district court, noting that it plainly appeared from the face of the motion and the prior proceedings that Tart was not entitled to relief, summarily dismissed the Sec. 2255 application. We conclude that the summary dismissal was proper and affirm.
 
 
 2
 * Although we affirm the dismissal of Tart's Sec. 2255 application we stress that when a district court concludes that a collateral attack is subject to summary dismissal, the preferred practice is for the court to enumerate the claims presented by the applicant and to give its reasons why the claims are without merit. Such a procedure serves the dual purposes of assuring the applicant that all of his claims have been considered by the district court, and of providing a more complete record to assist this Court in its appellate review of the order. We observe that such a procedure is consistent with that adopted by several of our sister circuits. See e.g., United States v. Marr, 856 F.2d 1471, 1472-73 (10th Cir.1988); United States v. Counts, 691 F.2d 348, 349-50 (7th Cir.1982); Hart v. United States, 565 F.2d 360, 361-62 (5th Cir.1978); Newfield v. United States, 565 F.2d 203, 208 (2d Cir.1977). We need not remand this case for further proceedings, however, because, after a careful review of the record, we conclude that none of Tart's claims have merit.
 
 II
 
 3
 Tart contends that he is entitled to have his convictions vacated because he was denied the effective assistance of counsel prior to, and during his trial, and on direct appeal. Specifically, Tart contends that his trial counsel was ineffective because* (1) he failed to file motions to suppress the fruits of a search of appellant's residence and to suppress statements made by appellant to law enforcement officials; (2) he failed to object to the qualification of certain government witnesses as experts, failed to independently voir dire the witnesses as to their qualifications, and failed to effectively cross-examine the witnesses; (3) he failed to object to certain testimony and to the admission of certain evidence; (4) he failed to request a large number of special jury instructions; and (5) he failed to object to the "flight evidencing consciousness of guilt" jury instruction. Additionally, appellant contends that his counsel on direct appeal was ineffective because he only raised one issue.
 
 
 4
 In order to be entitled to relief on any of his claims, either individually or collectively, appellant must demonstrate both that his trial and appellate counsel's performance fell below an objective standard of reasonableness, and that he was so prejudiced by counsel's deficient representation that there is a reasonable probability that, but for counsel's deficiencies, the result of his trial would have been different. Strickland v. Washington, 466 U.S. 668, 689, 694 (1984). Whether counsel's performance was deficient may be bypassed if it is easier to dispose of the claim on the grounds of lack of sufficient prejudice. Strickland, 466 U.S. at 697. We have examined each of Tart's claims in light of this standard and are unable to find sufficient prejudice to entitle Tart to the relief he seeks.
 
 
 5
 At the outset we note that although the Sec. 2255 application is long on complaints of how trial counsel was deficient by virtue of his alleged omissions, it is woefully short on alleging, much less demonstrating, how these omissions affected the outcome of the trial. A mere allegation that trial counsel failed to file a particular motion, make a particular objection, or take some other action, without at least alleging that there would have been a colorable basis for the motion, objection, or action, is insufficient to entitle the applicant to an evidentiary hearing on his claim; this is particularly true when the Sec. 2255 applicant is represented by counsel in the Sec. 2255 proceeding.
 
 
 6
 The record establishes that the search of Tart's residence was pursuant to the consent of his spouse. A search warrant is not required if consent to search is voluntarily given. Schneckloth v. Bustamonte, 412 U.S. 218 (1973). Consent may be obtained from a "third party who possessed common authority over ... the premises of effects sought to be inspected." United States v. Matlock, 415 U.S. 164, 171 (1974). Appellant did not argue below, and does not argue on appeal, that the consent to search was involuntary or otherwise subject to attack. He simply contends that trial counsel was ineffective for failing to challenge it. This claim is without merit.
 
 
 7
 Tart's claims concerning trial counsel's failure to file motions to suppress certain statements suffers from the same fatal flaw. Trial counsel is not per se ineffective merely because he failed to file a particular motion allowed under the rules of criminal procedure. There should be a good-faith basis for any motion filed in a court. Simply filing a motion because it is permitted under the rules, without regard to its merits, is a waste of already overtaxed court resources and does a disservice to the defendant. Tart does not contend that any motion to suppress statements would have had any chance of success; instead, he merely asserts that trial counsel's failure to take this action was ineffective. Our review of the record, as it relates to the two incriminating statements given by Tart, reveals that they were both voluntarily given. There is no indication from this record that any motion to suppress them would have been successful. Having failed to demonstrate any prejudice resulting from trial counsel's failure to file pretrial suppression motions, appellant is not entitled to relief.
 
 
 8
 Tart's claims concerning trial counsel's failure to voir dire the government's expert witnesses as to their qualifications, his failure to object to the district court's qualification of them as experts, and his failure to effectively cross-examine them, are conclusory and without merit. Tart offers no guidance to this Court as to why any of the three expert witnesses were not qualified to give the testimony that they gave, and has not suggested any area that trial counsel should have explored in a voir dire of their qualifications. Moreover, after an independent review of each witnesses' qualifications, we find no error in the district court's qualification of them as experts. All three of the witnesses had a knowledge not generally possessed by the jury. They were properly qualified as experts based upon their education, experience, and training, and could offer the opinion testimony that they presented. Additionally, the trial court instructed the jury that it could give the experts' testimony only such weight as the jury thought it might deserve, and could disregard the opinion testimony entirely if it concluded that the opinion was not based upon sufficient education or experience, that the opinion was not sound or that it was outweighed by other evidence. Finally, Tart has not shown how trial counsel's failure to cross examine the experts more extensively has prejudiced him. He has not suggested additional areas that should have been explored, or how such exploration would have aided his defense or affected the outcome of his trial.
 
 
 9
 Tart's remaining claims of trial counsel ineffectiveness are equally without merit. We conclude that contrary to Tart's assertions, the allegedly inadmissible evidence was relevant, material to the issues before the jury, and admissible. Regarding trial counsel's failure to request a number of special jury instructions, Tart has not suggested what the special instructions might relate to, or how the outcome of his trial might have been different had they been offered. Finally, we conclude that the "flight" instruction was not improper under the facts of this case. Trial counsel was not ineffective for failing to object to it.
 
 
 10
 We find no merit to Tart's claim that he was denied the effective assistance of counsel in his direct appeal. The due process clause guarantees a criminal defendant the effective assistance of counsel on his first appeal as of right. Evitts v. Lucey, 469 U.S. 387 (1985). Court-appointed counsel, however, need not raise every nonfrivolous issue that may be requested by a defendant. Jones v. Barnes, 463 U.S. 745 (1983). Although Tart contends that his appellate counsel was ineffective for inadequately raising only one issue, Tart has not directed this Court to a single error that he contends should have been raised in his direct appeal. Moreover, our independent review of this record reveals no reversible error. The evidence against Tart was simply overwhelming.
 
 III
 
 11
 Accordingly, because the dispositive issues recently have been decided authoritatively and oral argument would not aid the decisional process, we dispense with it and affirm the dismissal of the Sec. 2255 motion.
 
 
 12
 AFFIRMED.
 
 
 
 *
 It is unclear from the Sec. 2255 application what the specific allegations of ineffective assistance of counsel are. Our enumeration of appellant's claims is taken from appellee's brief. Appellee's digest of appellant's claims, however, has not been disputed by appellant