940 F.2d 664
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ernest WAGNER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-1443.
 United States Court of Appeals, Sixth Circuit.
 Aug. 7, 1991.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Ernest Wagner appeals the district court's order dismissing his 28 U.S.C. Sec. 2255 motion to vacate sentence. Wagner was convicted by a jury of conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. Sec. 846, and aiding and abetting the distribution of heroin and distributing same in violation of 21 U.S.C. Sec. 841(a)(1). In total, he received 20 years imprisonment, five years of special parole, $150 in special assessment fees, and $15,000 in fines.
 
 
 3
 Wagner challenged the constitutionality of his 1986 convictions. Specifically, he claimed that a non-testifying co-defendant's extrajudicial statements were improperly admitted, he was denied the opportunity to confront witnesses, he received ineffective assistance of counsel, and a special parole term was illegally imposed. The district court summarily denied the relief sought because he had filed an earlier unsuccessful motion. Wagner appealed, and this court vacated the decision and remanded the case to the district court for a written decision on the merits of his claims or for an analysis under Sanders v. United States, 373 U.S. 1, 15-19 (1963) as to why the motion was precluded as successive.
 
 
 4
 Upon remand, the district court again denied the motion to vacate. The court stated that it considered each ground on the merits, yet gave no reasoning for its decision. On appeal, Wagner argues that the district court improperly dismissed his petition.
 
 
 5
 We vacate the district court's order because there was no written explanation but was merely a ruling without analyzing the grounds presented in Wagner's Sec. 2255 motion. Unless the record conclusively shows that the plaintiff is not entitled to relief, a district court is required to set forth its findings of fact and conclusions of law. See 28 U.S.C. Sec. 2255. The district court erred in failing to set out findings of fact and conclusions of law as it was required to do under Sec. 2255, especially since the case was before the court upon remand from this court for a ruling on the merits or for an analysis under Sanders as to why the motion is precluded as successive. The district court failed to analyze the issues; thus, effective appellate review at this point is impossible. See United States v. Edwards, 711 F.2d 633, 634 (5th Cir.1983); Hart v. United States, 565 F.2d 360, 362 (5th Cir.1978). We also feel that the district court should consider the application of McCleskey v. Zant, 111 S.Ct. 1454 (1991).
 
 
 6
 For these reasons, the district court's order is hereby vacated and the case remanded for further proceedings consistent with this order. Rule 9(b)(3), Rules of the Sixth Circuit.