947 F.2d 946
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lawrence NELSON, also known as Larry Nelson, Defendant-Appellant.
 No. 91-1768.
 United States Court of Appeals, Sixth Circuit.
 Nov. 1, 1991.
 
 E.D.Mich., No. 84-20561; Anna Diggs Taylor, D.J.
 Before ALAN E. NORRIS and SILER, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Larry Nelson, a pro se Michigan prisoner, appeals the district court's order denying his motion to correct sentence filed under Fed.R.Crim.P. 36. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1985, a jury convicted Nelson on three counts of a six-count indictment charging conspiracy to possess with intent to distribute various controlled substances, distribution of a Schedule IV controlled substance, and use of a communication facility in violation of 21 U.S.C. §§ 841(a)(1), 846, and 843(b). The court sentenced him to twenty years imprisonment and a $5,000 fine on count 1, three years imprisonment and a one-year special parole term on count 2, and four years imprisonment on count 6, as reflected in the typewritten judgment and committment order. The prison terms were to run concurrently. This court affirmed Nelson's conviction on direct appeal.
 
 
 3
 On June 14, 1991, Nelson filed a motion with the district court pursuant to Rule 36, which governs clerical mistakes. He requested the district court "to correct the type written committment order, and docket entries to conform to the oral statement of sentence, as pronuced [sic] by the court, and stenographically recorded by the official court reporter." The transcript of the sentencing hearing reflects an oral sentence of three years imprisonment, a one-year special parole term, and a $5,000 fine on count 1. No oral sentence for either count 2 or count 6 is transcribed.
 
 
 4
 The district court denied Nelson's motion in an order filed June 25, 1991 for the reason that "it sets forth the same issues previously ruled upon by the Court, and fails to present any clerical mistakes...."
 
 
 5
 Nelson appeals from this order, arguing that the district court reviewed the wrong criminal record. He requests the appointment of counsel in his brief.
 
 
 6
 Upon consideration, we vacate the district court's order because it does not present any factual findings which would resolve the discrepancy and provide a basis for appellate review. Because the record does not conclusively show that Nelson is not entitled to relief, we remand this case for the district court to make specific findings of fact concerning the discrepancy between the recorded sentences. See generally, Phipps v. King, 866 F.2d 824, 826 (6th Cir.1988); United States v. Edwards, 711 F.2d 633, 634 (5th Cir.1983).
 
 
 7
 The district court did not resolve the sentencing ambiguity in its order denying Nelson's Rule 36 motion. Instead, the district court's order appears to rely on res judicata grounds. However, that order does not reference any prior order or other document by which this issue has already been resolved and so we cannot affirm on that basis.
 
 
 8
 Finally, as Nelson notes in his appellate brief, the district court's order cited an incorrect case number. On the record copy of this order, the typewritten case number is crossed out and Nelson's correct case number is handwritten above. While it is probable that the incorrect case number was only a clerical error and the district court did review the correct record, there is no way to determine that from the brief, nonspecific order signed by the district court.
 
 
 9
 Accordingly, the request for counsel is denied. The district court's order, filed June 25, 1991, is vacated and the case is remanded for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.