**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 95-60274

(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTHUR LOPER,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Southern District of Mississippi
1:94-CV-560-PR
_____

May 27, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Arthur Loper appeals from the district court's denial of his *pro se* motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255. We vacate and remand for resentencing.

Loper was convicted of conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. At sentencing, the

_____

[*]    Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

district court found that one kilogram of cocaine was attributable to Loper, resulting in a base offense level of 26. U.S.S.G. § 2D1.1. With Loper's criminal history category of I, the guidelines sentencing range was 63 to 78 months. However, the district court imposed the enhanced statutory minimum of 120 months' imprisonment and eight years' supervised release. *See* U.S.S.G. § 5G1.1(b) (requiring a court to impose the statutorily required minimum sentence where it is greater than the maximum of the applicable guideline range). The district court imposed the *enhanced* statutory minimum under the statute based on Loper's prior drug conviction. 21 U.S.C. 841(b)(1)(B). Loper's conviction was affirmed on direct appeal in an unpublished opinion. *United States v. Loper*, No. 93-7292 (5th Cir. Mar. 31, 1994) (unpublished).

Pursuant to § 2255, Loper filed a motion with the district court to vacate, set aside, or correct his sentence on several grounds, all of which are based on the Government's failure to file a notice of enhancement, as required under 21 U.S.C. § 851(a)(1).[1] Without holding a hearing or ordering a response from the Government, the district court denied the motion in a one-page order that did not contain its reasoning. Loper filed a timely notice of appeal.

We begin by noting that unless the record conclusively shows

---

[1] Loper also argued in his § 2255 motion that his base offense level should be decreased for his role as a minor participant in the offense under U.S.S.G. § 3B1.2(b). Loper does not raise this issue on appeal.

that a defendant is entitled to no relief, the district court must set out its findings of fact and conclusions of law when ruling on a § 2255 motion.[2] *United States v. Edwards*, 711 F.2d 633, 633 (5th Cir. 1983). A statement of the court's findings of fact and conclusions of law is normally "indispensable to appellate review." *Id.*

The Government in this case concedes that because of the Government's failure to comply with § 851(a)(1)'s procedural requirements, the district court could not enhance Loper's sentence under the statute based on his prior drug conviction. *See United States v. Steen*, 55 F.3d 1022, 1025 (5th Cir.) ("If the prosecution fails to comply with § 851's procedural requirements, a district court cannot enhance a defendant's sentence."), *cert. denied*, ___ U.S. ___, 116 S. Ct. 577, 133 L. Ed. 2d 500 (1995); *United States v. Noland*, 495 F.2d 529, 533 (5th Cir.) (concluding that the filing requirement is "a strict condition of [§ 851(a)(1)'s] exercise"), *cert. denied*, 419 U.S. 966, 95 S. Ct. 228, 42 L. Ed. 2d 181 (1974).[3] We agree. Accordingly, we conclude that the district court abused its discretion in denying Loper's § 2255 motion. *See*

---

[2] Section 2255 provides in relevant part that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255.

[3] We review the adequacy of the Government's compliance with § 851(a)(1) *de novo*, *Steen*, 55 F.3d at 1025, and the district court's disposition of a § 2255 motion for abuse of discretion. *United States v. Flores*, 981 F.2d 231, 234 (5th Cir. 1993).

*United States v. Levay*, 76 F.3d 671, 674-75 (5th Cir. 1996) (vacating and remanding for resentencing where the government withdrew its notice of intent prior to sentencing).

For the foregoing reasons, we VACATE Loper's sentence and REMAND for resentencing.