# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 30, 2012

No. 10-41279
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PAUL LYNN SCHLIEVE,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:07-CV-293

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Paul Lynn Schlieve, federal prisoner # 10930-078, appeals the district court's dismissal of his 28 U.S.C. § 2255 motion, which challenged his convictions for conspiracy to manufacture, distribute, or possess with intent to manufacture or distribute methamphetamine, for possession of methamphetamine with the intent to distribute, for using, carrying, or possessing a firearm during, in relation to, or in furtherance of a drug trafficking crime, and for possession of an unregistered firearm. We previously granted a certificate of appealability on the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

issue whether the district court erred by dismissing Schlieve's § 2255 claim that a videotape of his traffic stop had been suppressed in violation of *Brady v. Maryland,* 373 U.S. 83 (1963). We review the district court's factual findings for clear error and its legal conclusions de novo. *See United States v. Cavitt,* 550 F.3d 430, 435 (5th Cir. 2008).

As the Government now concedes, the district court misconstrued Schlieve's *Brady* claim and erred by finding that it could not consider the claim because it had been raised and rejected on direct appeal. Therefore, the district court made no relevant factual findings and did not address the merits of Schlieve's actual claim. We have previously remanded § 2255 cases where the district court entered only a summary denial without providing required findings of fact and conclusions of law, if the record does not conclusively show that the movant was not entitled to relief. *See United States v. Edwards,* 711 F.2d 633, 633-34 (5th Cir. 1983). Although the instant case differs from *Edwards* in that the district court's failure to provide reasons resulted from its misunderstanding of the nature of this claim, our review remains hindered by a lack of factual findings and conclusions of law. We also note that the present record does not conclusively show that Schlieve is not entitled to relief on this claim. *See Edwards,* 711 F.2d at 633-34. We conclude that the district court is best equipped to resolve any relevant factual disputes, such as whether the videotape was properly disclosed prior to a suppression hearing and whether Schlieve was aware of the substance of the videotape because he was present during the search of the vehicle, and to decide whether the videotape contained favorable and material evidence.

Therefore, the district court's dismissal of Schlieve's § 2255 motion is VACATED IN PART and this case is REMANDED to the district court for further consideration of his claim that the videotape from Office Edland's vehicle was not properly disclosed prior to the suppression hearing in violation of *Brady*.

Also, Schlieve has filed several motions on appeal. Previously, we granted the Government's motion to supplement the record on appeal; however, we now GRANT Schlieve's motion for reconsideration and DENY the Government's motion to supplement the record on appeal. Additionally, we GRANT his motion to seal a pending bail motion. However, Schlieve's motions to recompute the time to file his reply brief, for sanctions against the Government, and for release on bail all are DENIED.