# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 1, 2013

No. 12-20769

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CLARENCE LEWIS, III,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-1986
USDC No. 4:08-CR-682-1

Before KING, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Clarence Lewis, III, federal prisoner # 43461-279, moves this court for a certificate of appealability (COA) to appeal the district court's summary denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his concurrent 180-month sentences for conspiracy to commit wire fraud and four counts of wire fraud. In his § 2255 motion, Lewis raised several constitutional claims of ineffective assistance of counsel which he reasserts in his COA motion before this court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20769

The district court summarily dismissed Lewis's § 2255 motion. While the rules governing § 2255 proceedings do not require findings of fact and conclusions of law when it "plainly appears" from the record and motion that a movant is not entitled to relief, "such are plainly indispensable to appellate review." *Hart v. United States*, 565 F.2d 360, 361-62 (5th Cir. 1978) (per curiam) (internal quotation marks omitted).

Without an understanding of the reasons underlying the district court's summary dismissal, this court is unable to determine whether Lewis has raised issues on appeal which meet the standard for issuance of a COA, "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Accordingly, IT IS ORDERED that a COA be granted for the sole purpose of a limited remand to the district court for entry of reasons for its denial of Lewis's § 2255 motion. Once the district court has supplemented the record on appeal with its reasons, Lewis may file a brief addressing those reasons. This court will then rule on the merits of Lewis's motion for a COA.

COA GRANTED FOR SOLE PURPOSE OF LIMITED REMAND FOR REASONS; MOTION FOR IFP GRANTED.