IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 10, 2009

Charles R. Fulbruge III
Clerk

No. 07-31162
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

THOMAS ANTHONY BAIN

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:04-CR-50008-1
USDC No. 5:06-CV-1428

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Thomas Anthony Bain, federal prisoner # 12106-035, pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of methamphetamine and possession with intent to distribute 50 grams or more of methamphetamine. He filed a 28 U.S.C. § 2255 motion challenging his convictions that was denied. Following the denial of his § 2255 motion, Bain filed a purported FED. R. CIV. P. 52(b) motion to amend the findings underlying

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court's denial of his § 2255 motion and three motions to amend the purported FED. R. CIV. P. 52(b) motion. The district court denied all four motions.

Bain seeks to challenge the denial of his purported FED. R. CIV. P. 52(b) motion and the three motions to amend the purported FED. R. CIV. P. 52(b) motion in the present appeal. The present appeal, however, was initiated by Bain's filing of a notice of appeal specifically appealing only the district court's denial of his third motion to amend his purported FED. R. CIV. P. 52(b) motion. Because Bain's notice of appeal specified that he was appealing only the denial of his third motion to amend his purported FED. R. CIV. P. 52(b) motion, Bain may challenge only the denial of that motion in the present appeal. See C. A. May Marine Supply Co. v. Brunswick Corp., 649 F.2d 1049, 1056 (5th Cir. July 1981).

Under certain circumstances, Bain's third motion to amend his purported FED. R. CIV. P. 52(b) motion could be considered a timely FED. R. CIV. P. 52(b) motion if his initial FED. R. CIV. P. 52(b) motion was timely filed. Cf. Pruett v. Marshall, 283 F.2d 436, 440 (5th Cir. 1960) (holding that later filed amendment to a timely FED. R. CIV. P. 59 motion for new trial may be considered by the district court in some, but not all, circumstances). Bain's purported FED. R. CIV. P. 52(b) motion, however, was not filed within 10 days of the entry of the judgment denying his § 2255 motion. Thus, while Bain argues that his initial FED. R. CIV. P. 52(b) motion was timely because it was filed within 10 days of his receipt of the judgment, the initial purported FED. R. CIV. P. 52(b) motion was not timely filed. See FED. R. CIV. P. 52(b). Accordingly, Bain's third motion to amend his purported FED. R. CIV. P. 52(b) motion, the subject of the present appeal, was not timely filed. See id.

As Bain's third motion to amend his purported FED. R. CIV. P. 52(b) motion challenged the underlying judgment, requested relief other than correction of a purely clerical error, and was filed more than 10 days after entry of judgment,

it is treated as a motion under FED. R. CIV. P. 60(b).  See Harcon Barge Co. v. D & G Boat Rentals, Inc., 784 F.2d 665, 667 (5th Cir. 1986) (en banc).  Bain requires a COA in order to appeal from the denial of that motion.  See Ochoa Canales v. Quarterman, 507 F.3d 884, 887-88 (5th Cir. 2007).  The district court did not determine whether a COA should issue from the denial of the present motion.  Accordingly, we lack jurisdiction over the present appeal.  See United States v. Youngblood, 116 F.3d 1113, 1114-15 (5th Cir. 1997).

Bain's third motion to amend his purported FED. R. CIV. P. 52(b) motion was a FED. R. CIV. P. 60(b) motion that challenged the judgment denying his § 2255 motion on its merits and raised claims attacking his conviction and sentence.  See Harcon Barge Co., 784 F.2d at 667.  Accordingly, the motion was a successive § 2255 motion that the district court did not have jurisdiction to consider.  See Gonzalez v. Crosby, 545 U.S. 524, 530-32 & n.4 (2005).  As this appeal is frivolous, we decline to remand this case to the district court for a COA determination and instead dismiss this appeal for lack of jurisdiction.  See United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000).

APPEAL DISMISSED; MOTION FOR LEAVE TO FILE AN OUT-OF-TIME REPLY BRIEF GRANTED; MOTION FOR COURT TO TAKE JUDICIAL NOTICE DENIED.