[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12881
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 5, 2012
JOHN LEY
CLERK

D.C. Docket No. 6:11-cr-00018-JA-DAB-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN E. HUNTT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 5, 2012)

Before MARCUS, MARTIN and FAY, Circuit Judges.

PER CURIAM:

John E. Huntt appeals his 97-month sentence, imposed within the applicable

guideline range of 97 to 120 months, after pleading guilty to possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2). For the reasons stated below, we affirm.

I.

According to the undisputed facts of this case, state and federal investigators discovered that an IP address registered to Huntt was sharing 42 files of known images of child pornography. When the officers conducted a search of Huntt's home, he admitted to downloading and distributing child pornography for approximately 10 years using file-sharing software. A forensic computer examiner discovered over a hundred videos and thousands of images of child pornography in Hunt's possession, some of which depicted young children involved in violent and extremely sadistic sexual acts.

In compiling the presentence investigation report, the probation officer calculated Huntt's guideline range under the Sentencing Guidelines and determined that he had a total offense level of 30. Because Huntt had no prior convictions, the probation officer placed him into criminal history category I, which, combined with the offense level of 30, yielded a guideline range of 97 to 120 months' imprisonment. The relevant statute provided a maximum sentence of 10 years for Huntt's offense. *See* 18 U.S.C. § 2252A(b)(2).

At the sentencing hearing, Huntt called as a witness Dr. Ted Shaw, a psychologist specializing in evaluation and treatment of sex offenders, who had evaluated Huntt. Dr. Shaw testified that he had reviewed the results of polygraph examinations taken by Huntt, which showed that Huntt had never physically molested a minor and never produced child pornography. Based on this and other information, Dr. Shaw concluded that Huntt had a low risk of recidivism. In addition to Dr. Shaw's testimony, Huntt presented several other mitigating factors to the court, namely, that he had no criminal record; that he had worked hard his entire life, raised two children, owned a home, and returned to religion after his arrest; that he felt remorse for his crime and recognized the harm it caused to the child victims; and that he will suffer punishment even after his release from prison in the form of sex offender probation and registration. Huntt requested a sentence between 24 and 30 months, significantly below the guideline range.

The government, in turn, introduced evidence that officers found at least 225 videos and more than 15,000 images of child pornography located on various hard drives at Huntt's residence. Officers also found two stories on a thumb drive, apparently authored by Huntt, which described him engaging in sexual activity with his minor niece, daughter, and a 10-year-old girl.

Prior to imposing sentence, the court stated: "The parties have made

statements on their behalf, and the court has reviewed the presentence report and the advisory guidelines." The court then sentenced Huntt to 97 months in prison and 15 years of supervised release, further explaining:

> After considering the advisory guidelines and all the factors identified in Title 18, United States Code, 3553(a)(1) through (7), the court finds that the sentence imposed is sufficient but not greater than necessary to comply with the statutory purposes of sentencing.
>
> This is a guideline sentence. The court, as counsel knows, is not a slave to the guidelines in these kinds of cases; but in this case, it happens that the guideline sentence is a sentence that is appropriate.

## II.

On appeal, Huntt argues that his sentence was procedurally unreasonable because the district court failed to adequately explain why it sentenced him to 97 months. He also argues that his sentence was substantively unreasonable under 18 U.S.C. § 3553(a) because, in light of the mitigating circumstances he presented, a sentence of 24 to 30 months would have been sufficient.

We generally review the reasonableness of a sentence under a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007). "A sentence may be procedurally unreasonable if the district court improperly calculates the Guidelines range, treats the Guidelines as mandatory rather than advisory, fails to consider the appropriate

statutory factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence." *United States v. Gonzalez*, 550 F.3d 1319, 1323 (11th Cir. 2008). "The review for substantive unreasonableness involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question." *Id.* at 1324. We do not apply "a presumption of reasonableness" to sentences within the guideline range. *United States v. Phaknikone*, 605 F.3d 1099, 1107 (11th Cir.), *cert. denied*, 131 S.Ct. 643 (2010). However, we will "ordinarily expect" a within-guideline sentence to be reasonable, and will only remand for resentencing if the district court committed a "clear error of judgment" in weighing the § 3553(a) factors. *Gonzalez*, 550 F.3d at 1324 (quotation omitted).[1]

In this case, we discern no procedural error in the district court's explanation for its sentence. Certainly, the "sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments

---

[1] Under § 3553(a), the sentencing court shall impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing set forth in § 3553(a)(2), which include the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's crimes. 18 U.S.C. § 3553(a)(2). Other factors to be considered in imposing the sentence include the nature and circumstances of the offense, the history and characteristics of the defendant, the available sentences, the Guidelines' policy and applicable range, the need to avoid unwarranted sentence disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

and has a reasoned basis for exercising his own legal decisionmaking authority." *United States v. Livesay*, 525 F.3d 1081, 1090 (11th Cir. 2008) (quotations omitted). However, a district court need not discuss each § 3553(a) factor in explaining its sentence, as long as it "considers the defendant's arguments at sentencing and states that it has taken the § 3553(a) factors into account." *United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009). Here, the district court acknowledged the parties' arguments and, after imposing the sentence, explained that it had considered all of the § 3553(a) factors, that a 97-month sentence was not greater than necessary, and that, despite the Guidelines' advisory nature, a within-guidelines sentence was appropriate for Huntt. The district court's explanation, while short, complied with the requirements of our precedent. *See Sanchez*, 586 F.3d at 936; *see also United States v. Irey*, 612 F.3d 1160, 1195 (11th Cir. 2010) (*en banc*) ("No member of this Court has ever before indicated that a sentencing judge is required to articulate his findings and reasoning with great detail or in any detail for that matter."), *cert. denied*, 131 S.Ct. 1813 (2011). Accordingly, Huntt's sentence was procedurally reasonable.

As to substantive unreasonableness, Huntt's sentence fell at the low end of the guideline range of 97 to 120 months, and we would ordinarily expect such a sentence to be reasonable. *See Gonzalez*, 550 F.3d at 1324. To support his

6

request for a downward variance, Huntt presented several mitigating factors to the district court, including his lack of criminal history, his low risk of recidivism, and the fact that he had never actually molested a child. However, several other factors militated in favor of a higher sentence, namely, the amount of time Huntt engaged in viewing and distributing child pornography (10 years), the enormous number of images and videos of child pornography found in his possession, the violent and sadistic nature of some of those images, and the stories ostensibly written by Huntt describing his sexual activities with minors, including his own daughter. These factors demonstrated the aggravated nature and circumstances of Huntt's offense and warranted a sentence that would reflect the seriousness of the crime, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from Huntt's future crimes. *See* 18 U.S.C. § 3553(a)(1)-(2); *United States v. Pugh*, 515 F.3d 1179, 1194-1203 (11th Cir. 2008) (describing how the § 3553(a) factors warranted a higher sentence for a defendant convicted of possessing child pornography). Thus, the district court could reasonably conclude that anything less that 97 months' imprisonment would not have been a sufficient punishment. *See Pugh*, 515 F.3d at 1194-1203; *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) ("The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the

7

district court." (quotation omitted)).

Because Huntt's sentence was procedurally and substantively reasonable, we affirm.

**AFFIRMED.**