**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 26, 2013

No. 11-30857

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

BRANDON BROWN,

Defendant–Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CV-3768

Before HIGGINBOTHAM, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Brandon Brown ("Brown") pleaded guilty, pursuant to a formal plea agreement, to attempted possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). Brown alleges that, in addition to his formal plea agreement, he and the Government entered into a separate, oral, post-plea agreement. Under that alleged agreement, the Government would seek a sentence reduction for Brown, and, in exchange, Brown's cousin, Richard Brown, would render substantial assistance to the Government. When the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30857

government declined to file the motion to reduce Brown's sentence, Brown filed a petition under 28 U.S.C. § 2255, seeking to compel the Government to file for a sentence reduction pursuant to Federal Rule of Criminal Procedure 35(b). The district court denied Brown's petition and his motion to reconsider without an evidentiary hearing. Brown now appeals those decisions. We AFFIRM.

## I. BACKGROUND

In 2005, Brown pleaded guilty, pursuant to a written plea agreement, to attempted possession of cocaine with intent to distribute. Although Brown faced an advisory sentencing guidelines range of 262 to 327 months and a statutory maximum sentence of life imprisonment, the plea agreement set forth a more favorable range of 192 to 216 months. In return, Brown agreed to waive the right to challenge his sentence on direct appeal and in any collateral proceeding under § 2255, except for a sentence imposed in excess of the statutory maximum.[1] At sentencing, the district court ordered a 204-month term of imprisonment. Brown filed no direct appeal.

According to Brown, after he pleaded guilty, but before he was sentenced, the Government entered into a separate, oral, third-party cooperation agreement with him. Under the alleged agreement, the Government would file a Rule 35(b) motion seeking a sentence reduction for Brown in exchange for Brown's cousin, Richard Brown ("Richard"), rendering substantial assistance to the Government. Richard provided assistance in several drug investigations, leading to the indictment and guilty pleas of eight drug dealers. However, while the Government was still investigating the cases in which Richard was providing

---

[1] Although the Government sought to enforce the waiver in the district court, the Government does not seek to enforce it in this Court. Therefore, the waiver is not binding, and this Court may consider the instant appeal. *See United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006) ("In the absence of the government's objection to [the appellant's] appeal based on his appeal waiver, the waiver is not binding because the government has waived the issue.").

No. 11-30857

assistance, Brown attempted to end these investigations by having his wife[2] anonymously call law enforcement and tell them that a police officer was alerting the public that the DEA was using Richard as a confidential source to target crack cocaine dealers.  Because of Brown's interference with the investigations, the Government informed his attorney that it would not file a Rule 35(b) motion seeking to reduce his sentence.

In 2009, Brown filed a § 2255 motion to correct his sentence, arguing that the Government had breached its verbal, post-plea agreement to move for a sentence reduction under Rule 35(b).  While acknowledging that prosecutors generally have discretion whether to file Rule 35(b) motions, Brown claimed that the Government had bargained away its discretion when it verbally promised to file a Rule 35(b) motion if Richard provided assistance.  Brown argued that, because Richard had substantially assisted the Government, the Government was obligated to file a Rule 35(b) motion on his behalf.

The Government opposed Brown's motion on several grounds, including that the district court had no jurisdiction to review Brown's motion in the absence of a Rule 35(b) motion filed by the Government or an alleged unconstitutional motive for the Government's failure to file a Rule 35(b) motion.[3] The Government argued that Brown had not made a showing of an unconstitutional motive and that his argument about the Government bargaining away its discretion was Brown's attempt to circumvent the Supreme Court's decision in *Wade v. United States*, 504 U.S. 181, 185 (1992).  Finally, the

---

[2] The record is unclear as to Brown's relationship with the woman who made the call. At some points, she is referred to as Brown's wife, in others, as Brown's girlfriend.

[3] In its opposition to Brown's original § 2255 motion, the Government also argued that Brown waived his right to appeal, *see supra*, and Brown's claim was not cognizable under § 2255.  The Government has not pressed these issues on appeal, and so we do not consider them here. *See United States v. Griffith*, 522 F.3d 607, 610 (5th Cir. 2008) ("It is a well worn principle that the failure to raise an issue on appeal constitutes waiver of that argument.").

No. 11-30857

Government claimed that Brown had nullified any assistance by obstructing the investigation generated by Richard's assistance, and, in any event, Richard decided to work for his own financial gain, and not Brown's benefit, after his initial work for the Government.[4]

On March 29, 2010, the district court denied Brown's original § 2255 motion. The court explained that courts generally cannot interfere with the Government's discretionary decision to file Rule 35(b) motions; courts can, however, consider claims that the Government relied on an unconstitutional motive in refusing to file a Rule 35(b) motion. Because Brown had not alleged an unconstitutional motive for the Government's failure to file a Rule 35(b) motion, Brown's claim was unreviewable. While the court acknowledged that prosecutors are bound to fulfill promises made in exchange for a guilty plea, it found Brown was not entitled to relief because the Government's alleged promise occurred after Brown entered his guilty plea. Brown received notice of the district court's order on April 13, 2010.[5]

Brown filed a motion on April 20, 2010 asking the district court to reconsider its denials of his § 2255 motion and his motion to amend. The district court denied Brown's motion for reconsideration on June 7, 2011. The court found no error in its original analysis. The court observed that the alleged

---

[4] The parties dispute Richard's motive for assisting the Government. Brown contends that Richard was working for the Government solely for his (Brown's) benefit. The Government argues that Richard made his first two supervised purchases for Brown's benefit but that later purchases were done for his own (Richard's) monetary consideration. Because the factual dispute does not impact our conclusions, we need not resolve this issue.

[5] Because the district court's order was filed under seal, the decision did not appear on the electronic docket sheet and was not immediately served on the parties. On April 7. 2010—after the court ruled on his original § 2255 motion but before he received a copy of the order—Brown filed a motion to amend his petition. He sought to include alternative motions to compel the Government to file a Rule 35(b) motion, to enforce specific performance of the Government's promise to file a Rule 35(b) motion, and for an evidentiary hearing. The district court denied the motion to amend as moot in light of its earlier order denying § 2255 relief.

No. 11-30857

verbal agreement between the parties took place after entry of Brown's plea and noted that a post-plea agreement did not raise the same constitutional issues as a plea agreement.  Brown filed his notice of appeal on September 12, 2011.

## II. STANDARD OF REVIEW

We review questions of law de novo and accept the district court's factual findings unless they are clearly erroneous.  *United States v. Juarez*, 672 F.3d 381, 385 (5th Cir. 2012).  This Court reviews the denial of a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing for abuse of discretion.  *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992).  We grant a request for an evidentiary hearing only when the Appellant has produced "independent indicia of the likely merit" of his allegation.  *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (citations omitted) (internal quotation marks omitted).

## III. DISCUSSION

### A. Does this Court have jurisdiction to hear Brown's appeal?

This Court has a duty to examine the basis of its jurisdiction, sua sponte, if necessary.  *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987).  A timely notice of appeal is a jurisdictional requirement in a civil case.  *Bowles v. Russell*, 551 U.S. 205, 214 (2007); *United States v. Hayes*, 532 F.3d 349, 352 (5th Cir. 2008) (observing that a § 2255 proceeding is civil in nature).  Federal Rule of Appellate Procedure 4(a)(1)(B) provides that a notice of appeal in a civil case where the Government is a party must be filed within sixty days of the entry of judgment.

Here, Brown filed his notice of appeal on September 12, 2011, seventeen months after he received notice of the district court's judgment.  Certain postjudgment motions, however, may suspend the time for filing a notice of appeal.  *See* Fed. R. App. P. 4(a)(4)(A) (listing postjudgment motions and stating that the time to file an appeal runs from the date of entry of the order disposing of such motions).  Thus, we must first determine how to classify Brown's

5

postjudgment motion: as a motion filed pursuant to Federal Rule of Civil Procedure 59(e) or an unauthorized, successive petition under § 2255. We can then assess whether the postjudgment motion enlarged the time to file Brown's notice of appeal and, therefore, his notice of appeal was timely.

*1. Is Brown's motion properly classified as a Rule 59(e) motion or an unauthorized, successive petition under § 2255?*

Brown filed his motion to reconsider on April 20, 2010, twenty-five days after the district court ruled on Brown's original § 2255 motion. Brown's motion is styled as a Rule 59(e) motion, but that alone is not dispositive of whether Brown's postjudgment motion should be classified as a Rule 59(e) motion or a successive § 2255 motion.

While the Supreme Court has not yet examined when a Rule 59(e) motion should be treated as a successive § 2255 motion, it has explained that a motion filed pursuant to Federal Rule of Civil Procedure 60(b) is typically considered a successive § 2254 application if it raises new claims or "attacks the federal court's previous resolution of a claim *on the merits*." *Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005). When a Rule 60(b) motion does not challenge the district court's prior resolution of claims on the merits and instead attacks "some defect in the integrity of the federal habeas proceedings," the motion is not the equivalent of a successive habeas application and should not be construed as such. *Id.* at 532. Examples of motions attacking a defect in the integrity of the federal habeas proceedings include a claim of fraud on the court or challenges to a court's procedural ruling which precluded a merits determination, such as when a ruling is based on an alleged failure to exhaust, a procedural default, or a time-bar determination. *Id.* at 532 nn.4–5.

While the *Gonzalez* court declined to consider whether its analysis would be equally applicable to § 2255 cases, *id.* at 529 n.3, this Court has applied the holding in *Gonzalez* to § 2255 cases. *See, e.g.*, *Williams v. Thaler*, 602 F.3d 291,

302 & n.4 (5th Cir. 2010) (noting that almost every circuit has applied the rationale of *Gonzalez* to § 2255 proceedings); *United States v. Bain*, 309 F. App'x 889, 890 (5th Cir. 2009) (unpublished) (per curiam) (citing *Gonzalez* in a § 2255 case).   Additionally, this Court has held that the principles announced in *Gonzalez* should be used to determine whether motions filed pursuant to Rule 59(e) are unauthorized successive § 2254 applications. *Williams*, 602 F. 3d at 303–04. We therefore apply the principles from *Gonzalez* to determine whether Brown's motion for reconsideration is an unauthorized successive § 2255 motion or a Rule 59(e) motion.

This Court ordered supplemental briefing on the issue of how to classify Brown's postjudgment motion. Brown claims that his motion for reconsideration was a Rule 59(e) motion because it did not raise a new claim or attack the district court's prior ruling on the merits but was instead an attack on the integrity of the federal habeas proceedings.  Brown argues that there was no merits ruling for him to challenge because the district court dismissed his § 2255 motion for procedural reasons when it ruled that judicial review was not available.  He also points out that his original § 2255 motion sought an evidentiary hearing and that his motion for reconsideration simply renewed this request.  The Government agrees that Brown's argument in his postjudgment motion was essentially that the district court should have held an evidentiary hearing, and so the motion to reconsider should be classified as a Rule 59(e) motion.

We agree that Brown's motion to reconsider was a Rule 59(e) motion.  As both Brown and the Government point out, one of the key points in Brown's motion for reconsideration is his claim that he was entitled to an evidentiary hearing.  This claim is a challenge to a procedural ruling of the sort mentioned in *Gonzalez*, making his motion an attack on "some defect in the integrity of the

federal habeas proceeding[]" and thus not an unauthorized, successive habeas petition. *See Gonzalez*, 545 U.S. at 531–32 & nn.4–5.

In addition, Brown's postjudgment argument that the district court failed to consider the "crux" of his claim—that the Government had bargained away its discretion—did not raise a new claim. Brown argued in his original § 2255 motion that the Government was required to file a Rule 35(b) motion because it had bargained away its discretion in making the alleged oral, post-plea agreement. Though Brown repeated that argument in his motion for reconsideration, Brown did not raise a new claim. *See Balentine v. Thaler*, 626 F.3d 842, 848–49 (5th Cir. 2010) (holding that a Rule 60(b) motion did not raise a new claim for ineffective assistance of counsel—and thus was not an unauthorized successive § 2254 petition—where the original § 2254 petition raised an ineffective assistance of counsel claim). Because Brown's motion for reconsideration attacked the integrity of the federal habeas proceeding instead of raising a new claim, it is a Rule 59(e) motion, not a successive § 2255 motion.

*2. Did Brown's postjudgment motion enlarge the time to file his notice of appeal?*

We must next address whether Brown's Rule 59(e) motion expanded the time for Brown to file his notice of appeal. Because Brown's motion to reconsider is a Rule 59(e) motion, the time to file his notice of appeal did not begin to run until after entry of the court order disposing of his motion. *See* Fed. R. App. P. 4(a)(4)(A)(iv) (explaining that "the time to file an appeal runs . . . from the entry of the order disposing of the last such remaining motion" filed under Rule 59). The order disposing of Brown's motion was entered on June 7, 2011. Thus, Brown had sixty days from that date, specifically until Monday, August 8, 2011, to file his notice of appeal. *See* Fed. R. App. P. 4(a)(1)(B) (giving sixty days after entry of the judgment or order appealed to file a notice of appeal when the

No. 11-30857

United States is a party); *see also* Fed. R. App. P. 26(a)(1) (explaining how to compute time under the Federal Rules of Appellate Procedure).

On August 3, 2011, within the sixty-day time frame, Brown filed a motion seeking an extension of time to file a notice of appeal. A litigant seeking an extension of time for filing an appeal must file the extension motion no later than thirty days after expiration of the applicable period for noticing an appeal. Fed. R. App. P. 4(a)(5)(A). Because Brown's extension motion was filed before the sixty-day period ended, his motion seeking an extension of time to file a notice of appeal was timely. *See id.*

A district court may grant an extension of time for filing a notice of appeal on a showing of good cause or excusable neglect, but the extension is limited to no later than thirty days after expiration of the applicable appeal period or fourteen days after the date the court's extension order is entered, whichever is later. Fed. R. App. P. 4(a)(5)(C). Here, the district court granted Brown an extension to file his notice of appeal until September 20, 2011, more than the thirty days allowed under Federal Rule of Appellate Procedure 4(a)(5)(C). Although this date was more than thirty days after the expiration of Brown's sixty-day appeal period, it was within fourteen days from September 8, 2011, the date the court's extension order was granted. Thus, the court granted Brown a permissible extension period to file his notice of appeal.

Brown filed his notice of appeal on September 12, 2011. Because Brown filed his notice of appeal prior to the September 20, 2011 deadline, his notice of appeal was timely.

**B. Did the district court err when it refused to enforce the alleged, oral post-plea agreement by the Government to request a Rule 35(b) reduction of sentence?**

No. 11-30857

Brown contends that the district court erred in refusing to enforce the Government's alleged promise to file a Rule 35(b) motion to reduce his sentence in exchange for his cousin's assistance.  He argues, as he did before the district court, that the Government bargained away its discretion to file the Rule 35(b) motion.  To support this argument, Brown points to *Santobello v. New York*, 404 U.S. 257 (1971), where the Supreme Court held that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."  *Santobello*, 404 U.S. at 262.  He argues that *Santobello* applies to post-plea agreements intended to induce cooperation with the Government.  *See, e.g.*, *Williams v. Spitzer*, 246 F. Supp. 2d 368 (S.D.N.Y. 2003) (extending *Santobello* to require enforcement of prosecutors' promises made to induce cooperation with the Government and ordering an evidentiary hearing to determine whether prosecutors made the promises the prisoner alleged).  Brown also cites cases from this Court—*United States v. Price*, 95 F.3d 364 (5th Cir. 1996) (per curiam), *United States v. Watson*, 988 F.2d 544 (5th Cir. 1993)—that he characterizes as holding that the Government can bargain away its discretion to file a rule 35(b) motion.

Brown's arguments are unavailing.  Brown concedes that his alleged oral agreement with the Government was a post-plea agreement.  *Santobello*, however, did not address post-plea agreements.  *Santobello*, 404 U.S. at 261–63.  Instead, the Supreme Court was concerned with prisoners being induced to plead guilty—and thereby give up certain constitutional rights—without receiving the benefit of the promises on which their guilty plea rested.  *Id*.  Because Brown had already pleaded guilty when the alleged oral post-plea agreement was made, those concerns are not implicated in the instant case.[6]  His

---

[6] Brown raises a new claim in his reply brief.  He argues that his oral agreement with the Government occurred after rearraignment but before the district court accepted his plea

argument that we should follow *Williams* in extending *Santobello* to post-plea agreements does not change this conclusion. As the district court observed, *Williams* is readily distinguishable: it concerned "an alleged agreement to withdraw a guilty plea which necessarily implicates constitutional protections," unlike the Rule 35(b) motion alleged in this case. The cases that Brown cites from our circuit encounter the same difficulty; they address plea agreements—not post-plea agreements—and therefore are distinguishable from the instant case. *See Price*, 95 F.3d at 366 ("Defendant . . . appeals his sentence on the grounds that . . . the Government breached the terms *of the plea agreement*." (emphasis added)); *United States v. Garcia–Bonilla*, 11 F.3d 45, 46 (5th Cir. 1993) ("Garcia contends that the government breached *the plea agreement*." (emphasis added)); *Watson*, 988 F.2d at 548 (discussing the defendant's argument that his plea was involuntary because he was "induced to plead guilty by the government's promise to move for downward departure").

Moreover, controlling precedent supports the district court's conclusion that judicial review is not available because Brown has failed to allege that the Government's decision not to file a Rule 35(b) motion was based on an unconstitutional motive.[7] As the Supreme Court held in *Wade*, "federal district

---

at the sentencing hearing. Because Federal Rule of Criminal Procedure 11(d) permits a defendant to withdraw a guilty plea for any reason or no reason before it is accepted by the district court, Brown claims that his agreement with the Government became part of his "knowing and voluntary plea because it informed his decision not to withdraw his guilty plea, as permitted by Rule 11." This Court, however, does not generally consider arguments raised for the first time in a reply brief. *United States v. Jackson*, 50 F.3d 1335, 1340 n.7 (5th Cir. 1995).

[7] Brown could also be entitled to relief if the prosecutor refused to file a Rule 35(b) motion for reasons not rationally related to any legitimate Government end. *See Wade*, 504 U.S. at 186 ("As the Government concedes, [the appellant] would be entitled to relief if the prosecutor's refusal to move was not rationally related to any legitimate Government end." (citations omitted)). He, however, did not allege before the district court or this Court that the Government's refusal to file the motion was not rationally related to any legitimate Government end.

courts have authority to review a prosecutor's refusal to file a [Rule 35(b)] substantial-assistance motion and to grant a remedy *if they find that the refusal was based on an unconstitutional motive.*" *Wade*, 504 U.S. at 185–86 (emphasis added). In applying *Wade* to a case where the defendant claimed he was entitled to a sentence reduction for providing assistance to the Government after a jury found him guilty, this Court found the defendant's claim unreviewable. *United States v. Sneed*, 63 F.3d 381, 388–89 n.6 (5th Cir. 1995). We concluded that, "[e]ven assuming that the Government did promise to file a Rule 35(b) motion on [the appellant's] behalf, we cannot review [his] Rule 35(b) claim because he does not suggest that the Government's failure to make the motion was unconstitutionally motivated." *Id.*

Because we decline to apply *Santobello* in the manner Brown wishes and Brown has not alleged an unconstitutional motive for the Government's refusal to file a Rule 35(b) motion, we hold the district court did not err in failing to enforce the alleged post-plea agreement by the Government to request a Rule 35(b) reduction of sentence.

## C. Did the district court abuse its discretion when it failed to hold an evidentiary hearing on Brown's motion?

Finally, Brown argues that this Court should remand his case for the district court to conduct an evidentiary hearing on the merits of his claim. He claims that the factual disputes between his account of the alleged post-plea agreement and the Government's account warrant an evidentiary hearing.

We disagree. "[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing." *Wade*, 504 U.S. at 186. The defendant must make a "threshold showing" that he or she would be entitled to relief to warrant an evidentiary hearing. *Id.* Brown, like the defendant in *Wade*, "has never alleged,

No. 11-30857

much less claimed to have evidence tending to show, that the Government refused to file a motion for suspect reasons such as his race or his religion." *Id.* The factual discrepancies between the two parties' accounts do not entitle Brown to an evidentiary hearing. Brown would not be entitled to relief as a matter of law, because he has not alleged the Government's failure to file the Rule 35(b) motion was the result of an unconstitutional motive. *See supra* Part III.B. We hold that the district court did not abuse its discretion because, as the district court correctly observed, even "[a]ssuming arguendo that the Government did enter into a subsequent verbal agreement with the defendant, the Court could not compel the Government to file a [R]ule 35(b) motion under the circumstances here."

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's decision.