# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20226

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

OLIVER NKUKU,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

March 11, 2015

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4-13-CV-280

Before JONES and HAYNES, Circuit Judges, and CRONE, District Judge.*

PER CURIAM:**

Defendant Oliver Nkuku appeals the denial of his Federal Rule of Civil Procedure 60(b) motion for reconsideration challenging the district court's summary dismissal of his 28 U.S.C. § 2255 motion. Because, under the particular and specific facts of this case, the district court abused its discretion

---

* District Judge of the Eastern District of Texas, sitting by designation.

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20226

by failing to grant the Rule 60(b) motion in light of its failure to comply with the procedure governing Nkuku's § 2255 motion, we VACATE the district court's judgment and REMAND for further proceedings as set forth herein.

## I. Background

Oliver Nkuku, a federal prisoner, was convicted of conspiracy to commit healthcare fraud and aiding and abetting healthcare fraud. After this court affirmed his conviction and sentence, *see United States v. Nkuku*, 461 F. App'x 392 (5th Cir. 2012) (unpublished), Nkuku filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on four bases. He argued that: (1) trial counsel was ineffective for terminating plea negotiations and failing to convey a plea offer to him, (2) trial counsel failed to research the facts and law of the case, (3) the district court violated Nkuku's right to counsel by terminating his counsel's representation three weeks prior to trial, and (4) appellate counsel was ineffective for failing to challenge on appeal the adequacy of the district court's reasons for the sentence and amount of the restitution award. The district court denied relief without service of process on the government in a summary order entered on February 13, 2013.

On April 9, 2013, fifty-five days after the denial of his motion, Nkuku filed a "Motion for Clarification and Reconsideration of Order Denying Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody," objecting to the district court's failure to provide reasons for denying § 2255 relief. Because the motion was filed outside the 28-day window required under Federal Rule of Civil Procedure 59(e), the district court construed it as a post-judgment Rule 60(b)(6) motion for reconsideration and denied it without explanation. While Nkuku did not initially appeal the denial of his § 2255 motion, he moved for a certificate of appealability ("COA") to challenge the court's dismissal of his § 2255 motion

2

No. 13-20226

and his Rule 60(b) motion. We denied Nkuku's petition for a COA on his § 2255 motion for failure to file his notice of appeal within the time frame mandated by Federal Rule of Appellate Procedure 4(a)(1)(B) & 4(a)(4)(A)(v), but granted a COA to review the district court's denial of his Rule 60(b) motion.[1] We now conduct that review.

## II. Discussion

Before we consider the merits of Nkuku's Rule 60(b) motion, we must evaluate our jurisdiction to consider this appeal. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner's failure to obtain authorization from an appellate court to file a second or successive habeas petition is a jurisdictional bar. 28 U.S.C. § 2244(b)(3)(A); *Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010). The Government avers that Nkuku's Rule 60(b) motion was in fact an unauthorized successive § 2255 petition warranting dismissal.

In *Gonzalez v. Crosby*, the Supreme Court instructed that a petitioner's Rule 60(b) motion should be construed as a second or successive petition when it pursues a substantive claim. 545 U.S. 524, 531–32 (2005).[2] Such claims include motions that pursue an alternative ground for relief and those that "attack[] the federal court's resolution of a previous claim on the merits." *Id.* However, "'when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings,' courts should not construe the motion as a

---

[1] We reject any attempt by Nkuku to raise new issues on appeal as we granted COA only to the extent Nkuku challenges the denial of his Rule 60(b) motion.

[2] Although *Gonzalez* considered Rule 60(b) in the context of § 2254, the Fifth Circuit has extended *Gonzalez*'s application to cases under § 2255. *See Williams*, 602 F.3d at 303–04.

second or successive petition." *Williams*, 602 F.3d at 302 (quoting *Gonzalez*, 545 U.S. at 531–32). "Examples of motions attacking a defect in the integrity of the federal habeas proceedings include a claim of fraud on the court or challenges to a court's procedural ruling which precluded a merits determination, such as when a ruling is based on an alleged failure to exhaust, a procedural default, or a time-bar determination." *United States v. Brown*, 547 F. App'x 637, 641 (5th Cir. 2013) (unpublished)[3] (citing *Gonzalez*, 545 U.S. at 532 nn.4–5).

Nkuku moved for reconsideration under Rule 60(b)(6), which empowers the court to relieve a party from a judgment or order for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). The motion did not contend that the district court erred on the merits of his claim, but instead asserted that the district court erred by failing to articulate its rationale for the summary dismissal of his § 2255 motion. According to Nkuku, the district court failed to follow the procedures articulated by the Supreme Court, which held that summary dismissal without a hearing is only appropriate where a petitioner's allegations, when viewed against the record, are wholly frivolous. *See Blackledge v. Allison*, 431 U.S. 63, 76 (1977). As such, Nkuku requested relief "so that the [district court] may make appropriate findings of fact and conclusions of law."

While determining whether Nkuku's § 2255 motion is wholly meritless requires a glance at the substance of his claims, Nkuku's objection is with the process, not the substance, of his case's disposition. *See Williams*, 602 F.3d at 301 (holding that a Rule 60(b) motion challenging the denial of a § 2255 motion was not a successive habeas petition when it challenged discovery violations);

---

[3] Although *Brown* is not "controlling precedent," it "may be [cited as] persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).

*Brown*, 547 F. App'x at 641–42 (holding that a Rule 59(e) motion objecting to the lack of an evidentiary hearing before the district court was not a successive habeas petition).  Because his Rule 60(b) motion did not attack the merits of the district court's decision, we hold that it was not a successive habeas petition and therefore was within the district court's jurisdiction.

Having established our jurisdiction, we review the district court's denial of Nkuku's 60(b) motion for abuse of discretion.  *Hernandez v. Thaler*, 630 F.3d 420, 428 (5th Cir. 2011).  "Generally, the denial of a Rule 60(b) motion does not bring up the underlying judgment for review."  *Harrison v. Byrd*, 765 F.2d 501, 503 (5th Cir. 1985) (citation, emphasis, and internal quotation marks omitted).  However, "if in granting the earlier judgment, the district court has overlooked and failed to consider some controlling principle of law, the district court may abuse its discretion by failing to grant 60(b) relief, even though the losing party had failed to apply for relief from the original judgment by timely motion for a new trial or appeal, if the 60(b) motion is filed within the time for an appeal . . . ."  *Id.*; *see Matter of Ta Chi Navigation (Panama) Corp. S.A. v. United States*, 728 F.2d 699, 703 (5th Cir. 1984) ("In certain unusual situations we have allowed district courts in the context of a Rule 60(b) motion to correct their 'obvious errors' of law, such as overlooking controlling statutes or case law.").

Nkuku filed his Rule 60(b) motion fifty-five days after the initial judgment, within the time for an appeal of the original judgment.  *See Harrison*, 765 F.2d at 503; FED. R. APP. P. 4(a)(1)(B)(i) (notice of appeal must be filed within 60 days after entry of the judgment when the United States is a party).  Further, he has pursued the appeal of his Rule 60(b) motion in a timely manner.  As we stated in *Harrison*, under these unique circumstances we can consider whether the district court abused its discretion in denying

No. 13-20226

Rule 60(b) relief by looking to the underlying judgment. 765 F.2d at 503. Thus, we turn to the law governing summary dismissals of habeas petitions.

It is a well-established principle that, in the habeas context, findings of fact and conclusions of law "are plainly indispensable to appellate review." *Hart v. United States*, 565 F.2d 360, 362 (5th Cir. 1978). While § 2255 does not mandate reasoned orders, § 2255(b) states that:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

Even when a district court has concluded that a petitioner is plainly unentitled to relief, we have required the district court to state *why* relief was so plainly unwarranted. *United States v. Khanna*, 62 F.3d 397, 1995 WL 449715, at *2 (5th Cir. 1995) (unpublished). Otherwise, we cannot surmise whether the petitioner is unentitled to relief for procedural or substantive reasons. *Id.* Thus, when district courts have not articulated their rationales for summarily dismissing § 2255 motions, we have vacated and remanded those decisions for reconsideration. *See e.g.*, *id.*; *United States v. Edwards*, 711 F.2d 633, 634 (5th Cir. 1983).

In this case, the district court neglected to follow the precepts explained above. It neither provided findings of fact and conclusions of law, nor did it articulate why Nkuku's § 2255 motion warranted summary dismissal. As we observed in *Hart*, the district court's failure to provide a reasoned order renders the case "insufficient for our review." 565 F.2d at 361. Here, this error was only compounded by the district court's failure to articulate a reason for denying Nkuku's Rule 60(b) motion. Rather than insulate the district court's

6

initial decision from review, the denial of the Rule 60(b) motion without any explanation undermines our ability to exercise appellate review.

Where the movant appeals the district court's errant summary dismissal of a § 2255 motion, this court may remand for reconsideration by the district court.  *See e.g.*, *Khanna*, 1995 WL 449715, at *2; *Edwards*, 711 F.2d at 634. Here, however, we are reviewing the district court's dismissal of Nkuku's Rule 60(b) motion.  In two persuasive cases, we have held that the district court's failure to consider arguments raised by the movant in both a § 2255 motion and a Rule 60(b) motion warranted vacatur of the district court's judgment and remand.  *See Berry v. Roberts*, 85 F.3d 625, 1996 WL 255318, at *1 (5th Cir. 1996) (unpublished); *United States v. Zapata–Rosa*, 12 F.3d 1098, 1993 WL 543335, at *2 (5th Cir. 1993) (unpublished).   The district court neither addressed Nkuku's arguments, nor provided Nkuku with the process afforded movants under § 2255(b).  *See Zapata–Rosa*, 12 F.3d at *2.

Given the district court's disposition of this case, we cannot address whether Nkuku's claims are plainly frivolous and should be summarily dismissed.  As we noted in *Khanna*, the district court's failure to articulate the basis for its judgment denies Nkuku "meaningful appellate review because the appellate court has no idea why the court summarily dismissed the motion, and must conduct guesswork to decide among the myriad of possible reasons (*e.g.*, procedural defects) why the defendant 'plainly' was not entitled to relief."  1995 WL 449715, at *2.   Thus, the district court's denial of Nkuku's Rule 60(b) motion was an abuse of discretion, we REVERSE the order denying Rule 60(b) relief, VACATE the underlying judgment, and REMAND for the proceedings described above.  On remand, the district court must comply fully and specifically with 28 U.S.C. § 2255(b) and shall either specifically provide clear and detailed reasons supported by facts and law explaining why "the files

and records of the case conclusively show that the prisoner is entitled to no relief" or provide the notice, hearing, and findings of fact and conclusions of law described therein.