# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10942

United States Court of Appeals
Fifth Circuit

**FILED**
September 10, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

JOEL DARNELL PATTON,

      Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:16-CV-49

Before DENNIS, CLEMENT, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Joel Darnell Patton appeals the district court's denial of his successive habeas petition pursuant to 28 U.S.C. § 2255[1] and his post-judgment motion for relief under Federal Rules of Civil Procedure 52(b) and 59(a), (e). Because we conclude that Patton's notice of appeal was untimely, we DISMISS the appeal for lack of jurisdiction.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 28 U.S.C. § 2255, as well as the other Title 28 provisions referenced herein, fall within the Antiterrorism and Effective Death Penalty Act of 1996, also known as "AEDPA."

No. 17-10942

## I

Petitioner Patton pleaded guilty in 2001 to one count of possession of a firearm by a convicted felon under 18 U.S.C. § 922(g). He had five prior Texas felony convictions—one for aggravated assault and four for robbery under Texas Penal Code § 29.02. The district court enhanced Patton's sentence under § 924(e) of the Armed Career Criminal Act ("ACCA"), accepting the presentence report's finding that Patton had "at least three prior convictions for a 'violent felony' or 'serious drug offenses,' or both." Patton was sentenced to 210 months of imprisonment followed by three years of supervised release. His conviction and sentence were affirmed on direct appeal. *See United States v. Patton*, 263 F.3d 166 (Table), 2001 WL 804479 (5th Cir. June 15, 2001), *cert. denied*, 534 U.S. 1007 (2001).

In 2015, the Supreme Court held in *Johnson v. United States* that the residual clause (the latter half of § 924(e)(2)(B)(ii)) in ACCA's definition of a violent felony was unconstitutionally vague. 135 S.Ct. 2551, 2562–63 (2015). In *Welch v. United States*, the Court held that *Johnson* applied retroactively to cases on collateral review. 136 S.Ct. 1257, 1268 (2016). This court has held that a conviction for robbery under Texas Penal Code § 29.02 qualifies as a violent felony under ACCA's residual clause. *See United States v. Davis*, 487 F.3d 282, 287 (5th Cir. 2007). It did not directly foreclose the possibility that robbery may support an enhancement under ACCA's force clause. *See id.*[2]

The district court appointed a Federal Public Defender to assist with Patton's case in light of *Johnson*. Patton then sought authorization to file a successive petition pursuant to 28 U.S.C. § 2255, which this court granted in August 2016. The court noted that the "grant of authorization is tentative in

---

[2] This court recently held, in *United States v. Burris*, 17-10478, that Texas robbery does not support an enhancement under ACCA's force clause. The mandate in *Burris* has been held, and a petition for rehearing en banc is pending.

that the district court must dismiss the § 2255 motion without reaching the merits if it determines that Patton has failed to make the showing required to file such a motion."

The district court denied Patton's successive § 2255 petition and a certificate of appeal ("COA") on February 9, 2017, holding that Patton had failed to demonstrate that he was sentenced under the residual clause of ACCA. It also stated, in the alternative, that Patton's robbery offenses continued to qualify as violent felonies under the force clause of ACCA; thus, he continued to have at least three qualifying convictions. Patton filed a motion under Federal Rules of Civil Procedure 52(b) and 59(a), (e) on February 22, requesting that the district court reopen the judgment, amend its findings and conclusions of law, and reconsider its denial of a COA in light of an intervening case, *United States v. Rico-Mejia*, 853 F.3d 731 (5th Cir. 2017), *withdrawn and superseded on panel reh'g*, 859 F.3d 318 (5th Cir. 2017).[3] The district court denied the motion on August 8, 2017.

On August 23, Patton filed a notice of appeal of the district court's denial of his successive § 2255 petition and its denial of his post-judgment motion. This court granted Patton a COA on three issues: 1) whether Patton's post-judgment motion under Rules 52(b) and 59(a), (e) was an unauthorized, successive § 2255 motion; if so, 2) whether an unauthorized, successive § 2255 motion extends the period for filing a timely notice of appeal; and 3) whether Patton's convictions for Texas robbery qualify as violent felonies under the "force clause" of ACCA. The first two issues go to this court's jurisdiction over the appeal, and they were raised by the court sua sponte. Because Patton filed his notice of appeal more than six months after the court denied his authorized,

---

[3] This court in *Rico-Mejia* held that the defendant's prior conviction for "terroristic threatening" was not a "crime of violence" within the meaning of the Sentencing Guidelines because it lacked physical force as an element. *See Rico-Mejia*, 859 F.3d at 322–23.

No. 17-10942

successive § 2255 petition, his appeal of that order is only timely if his post-judgment motion extended the filing deadline.

## II

This court determines de novo whether a post-judgment motion for relief from judgment should be construed as an unauthorized, successive § 2255 petition. *See United States v. Brown*, 547 F. App'x 637, 640–41 (5th Cir. 2013); *see also United States v. Nkuku*, 602 F. App'x 183, 185 (5th Cir. 2015).

## III

The Supreme Court has held that, in a proceeding under 28 U.S.C. § 2254, a post-judgment motion under Federal Rule of Civil Procedure 60(b) should be construed as a successive habeas petition if it raises new claims for relief, presents new evidence in support of a claim that has already been litigated, contends that a subsequent change in decisional law justifies relief from the judgment,[4] or otherwise challenges the district court's resolution of the underlying claim on the merits. *See Gonzalez v. Crosby*, 545 U.S. 524, 530–32 (2005). Acknowledging that AEDPA's jurisdictional restrictions, by their terms, apply only when a court is evaluating a petitioner's "application" for a writ of habeas corpus, the Court stated that "it is clear that for the purposes of § 2244(b) an 'application' for habeas relief is a filing that contains one or more 'claims.'" *Id.* at 530. "A habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a habeas corpus application, at least similar enough that failing to subject it to the same requirements would be inconsistent with the statute." *Id.* at 531 (internal quotations omitted). After all, "alleging that the court erred in denying habeas relief on the merits is

---

[4] A successive petition may rely on an intervening change in decisional law only if the new law is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005) (citing 28 U.S.C. §2244(b)(2)(A)).

effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* at 532.

Thus, challenges to a district court's resolution of claims on the merits or attempts to raise new claims for relief are construed as unauthorized, successive habeas petitions—even when the application is self-styled as a Rule 60(b) motion. *Id.* at 530–32. If, however, a post-judgment motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," courts should not construe the motion as a successive petition. *Id.* at 532. A petitioner does not improperly attack a district court's merits determination when "he merely asserts that a previous ruling which *precluded* a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at 532 n.4 (emphasis added).

Courts have extended the logic of *Gonzalez* beyond its specific procedural posture. Relevantly, for example, *Gonzalez*'s rationale applies equally to proceedings under § 2255. *See United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013); *Brown*, 547 F. App'x at 641; *see also Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) (noting with approval that "[n]early every circuit has applied the *Gonzalez* rationale to federal prisoners seeking habeas relief under § 2255" and collecting cases). This circuit has also applied the *Gonzalez* framework to post-judgment motions under Rule 59(e), noting that while differences exist between Rule 59(e) and Rule 60(b), both Rules "permit the same relief—a change in judgment." *Williams*, 602 F.3d at 303 (quoting *Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 669 (5th Cir. 1986)).

These extended applications of *Gonzalez* are entirely logical. The general concern identified in *Gonzalez*—that petitioners may use post-judgment motions to make an end-run around AEDPA's exacting procedural requirements—is not exclusive to the Rule 60(b) (or the Rule 59(e)) context. *Id.*

No. 17-10942

Indeed, while this circuit has never squarely addressed *Gonzalez*'s successive petition analysis in the context of a post-judgment motion under Rule 52(b) or 59(a) specifically, the court has stated that "[a]ny motion that draws into question the correctness of a judgment is functionally a motion under Civil Rule 59(e), whatever its label," and should be treated as such. *Harcon Barge*, 784 F.2d at 669–70 (internal quotations omitted). Accordingly, the answer to the successive petition inquiry turns on the actual substance of Patton's post-judgment motion—not the motion's technical title. *See id.* If Patton's motion attacks the merits of the district court's ruling on his § 2255 petition, it is an unauthorized, successive habeas petition, regardless of the fact that it was self-styled as a Rules 52(b) and 59(a), (e) motion.

First, the court must examine the district court's ruling on Patton's § 2255 petition to determine the basis of its dismissal. Noting that the appeals court had directed it to dismiss Patton's petition without reaching the merits if it determined that he had failed to make the required showing, the district court stated that Patton had not sufficiently demonstrated that his sentence was enhanced under the unconstitutional residual clause. This finding, as the government seems to concede, was a procedural, threshold determination—not a ruling on the merits. *See generally* 28 U.S.C. § 2244(b)(4). However, the district court went on to hold, in the alternative, that Patton's robbery convictions continued to qualify as violent felonies under the force clause of ACCA. This is a resolution of the force clause argument Patton raised in his motion for authorization and implicated in his § 2255 petition *on the merits*.

Patton's post-judgment motion focuses entirely on the district court's latter, merits-based ruling. He makes two primary arguments: (1) Texas robbery does not satisfy the force clause of ACCA; and (2) this court's opinion in *Rico-Mejia* is an intervening change in law that confirms the district court clearly erred in interpreting ACCA's force clause to encompass Patton's

6

robbery convictions. Patton's post-judgment motion does not directly challenge the district court's threshold, "pre-merits" ruling—that Patton had failed to demonstrate that he was sentenced under the residual clause.

Patton maintains that his post-judgment motion was merely challenging the district court's *refusal* to reach the merits of his underlying claim. A close look at the substance of the motion belies this characterization. Again, the motion never once mentions the district court's finding regarding Patton's failure to demonstrate his sentence was enhanced under the residual clause. This is a critical omission: the district court's determination with respect to Patton's threshold burden is the only type of finding that would have *precluded* a merits determination. Accordingly, the ruling on Patton's burden is the only proper subject of a motion seeking a change in the judgment. *See Gonzalez*, 545 U.S. at 532 n.4. Instead, Patton quarrels only with the district court's alternative merits holding.

Additionally, Patton asserts that an intervening change in law justifies an amendment of the district court's judgment. *Gonzalez* makes clear that, under AEDPA, an intervening change in law is only a proper basis for relief if the case announces "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Gonzalez*, 545 U.S. at 531–32 (citing 28 U.S.C. §2244(b)(2)(A)). Patton does not argue—nor can he—that *Rico-Mejia* announced a new constitutional rule. And, more fundamentally, *Rico-Mejia* is neither itself a Supreme Court case, nor does it espouse a constitutional principle blessed by the Supreme Court and explicitly made retroactive. Accordingly, Patton's argument runs afoul of *Gonzalez*'s limitations on post-judgment motions that rely on an intervening change in law as a basis for relief. *See id*. at 532.

Because Patton's post-judgment motion attacks the district court's merits determination that Patton's robbery convictions satisfy ACCA's force

No. 17-10942

clause[5]—irrespective of whether that conclusion was in fact erroneous—and relies on an intervening change in law that is not a new constitutional rule made retroactive to cases on collateral review, it is an unauthorized, successive § 2255 petition under *Gonzalez* and its progeny.

## IV

Generally, a petitioner has 60 days from the denial of his § 2255 petition to file a notice of appeal. 28 U.S.C. § 2107(b); FED. R. APP. P. 4(a)(1)(b). Because the filing deadline is prescribed by statute, the limitation is jurisdictional and a petitioner's failure to timely file requires dismissal of the underlying action. *See Bowles v. Russell*, 551 U.S. 205, 210–13 (2007). The district court denied Patton's § 2255 petition on February 9, 2017. Patton filed his notice of appeal on August 23, 2017, more than six months after the district court's denial.

Again, however, Patton did file a timely motion for relief pursuant to Rules 52(b) and 59(a), (e). That motion was filed within 28 days of the denial of Patton's § 2255 petition, as required by the Federal Rules. Post-judgment motions will ordinarily toll the filing period, and the deadline for filing a notice of appeal will be 60 days from the entry of an order disposing of the motions.

---

[5] Patton argues in his brief on appeal that his original motion for authorization to file a successive petition that was submitted to this court was not docketed for consideration by the district court as directed in the authorization order. He contends that this was a "defect in the integrity of the post-conviction proceeding"—a proper basis for a post-judgment motion. This argument is unavailing. To begin with, Patton cites absolutely no authority for the proposition that this type of filing error was the type of challengeable "defect" contemplated by *Gonzalez*. Moreover, Patton's post-judgment motion mentioned the potential filing mishap in a footnote stating only that "[i]f the [district court] did not have the benefit of the arguments raised in the motion for authorization," it would provide "an independent reason to reopen the case and consider those arguments." This court has stated that "[a] single conclusory sentence in a footnote is insufficient to raise an issue for review." *United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006) (citing *Beazley v. Johnson*, 242 F.3d 248, 270 (5th Cir. 2001)). Again, Patton's contention that his post-judgment motion was permissibly focused on defects in the integrity of the post-conviction proceeding is simply disingenuous. The entire body of the motion is focused on the alleged error in the district court's conclusion that Patton's robbery convictions qualified as violent felonies under the force clause—a merits determination.

No. 17-10942

FED. R. APP. P. 4(a)(4)(A)(ii), (iv). If, however, a post-judgment motion is in fact an unauthorized, successive § 2255 petition, the filing period is not tolled. *See Uranga v. Davis*, 893 F.3d 282, 284 (5th Cir. 2018) (citing *Williams*, 602 F.3d at 303–04); *Brown*, 547 F. App'x at 640–41.[6]

It is undisputed that Patton did not file his notice of appeal within 60 days of the district court's disposition of his successive § 2255 petition. Because his post-judgment motion is properly characterized as an unauthorized, successive petition, it did not toll the filing deadline. Accordingly, because Patton's notice of appeal was untimely, this court lacks jurisdiction to hear the appeal.

## V

For the foregoing reasons, Patton's appeal of the district court's denial of his successive § 2255 petition and post-judgment motion for relief is DISMISSED for lack of jurisdiction.

---

[6] Patton cites *Castro v. United States*, 540 U.S. 375, 386 (2003) to support the proposition that "the court should not re-write the motion over the appellant's objection, particularly where the effect of that revision would be to deprive the Court of jurisdiction to consider his otherwise timely appeal." *Castro*, however, dealt with the recharacterization of a post-judgment motion to the detriment of a *pro se* litigant. *See Castro*, 540 U.S. at 382. The equitable considerations underlying the Supreme Court's reasoning in *Castro* are inapplicable where the petitioner is represented by competent legal counsel.