**PUBLISHED**

FILED:  April 7, 2017

Amended:  April 18, 2017

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 16-1733
(4:15-cv-00054-RGD-DEM)
_____

G. G., by his next friend and mother, Deirdre Grimm

        Plaintiff - Appellee

v.

GLOUCESTER COUNTY SCHOOL BOARD

        Defendant – Appellant

_____

O R D E R

_____

Upon consideration of the unopposed motion to vacate preliminary injunction, the court vacates the preliminary injunction entered by the district court on June 23, 2016.

Senior Judge Davis wrote a concurring opinion in which Judge Floyd joined.

Entered at the direction of Judge Floyd with the concurrence of Judge Niemeyer and Senior Judge Davis.

        For the Court

        /s/ Patricia S. Connor, Clerk

DAVIS, Senior Circuit Judge, concurring:

I concur in the order granting the unopposed motion to vacate the district court's preliminary injunction and add these observations.

G.G., then a fifteen-year-old transgender boy, addressed the Gloucester County School Board on November 11, 2014, to explain why he was not a danger to other students. He explained that he had used the boys' bathroom in public places throughout Gloucester County and had never had a confrontation. He explained that he is a person worthy of dignity and privacy. He explained why it is humiliating to be segregated from the general population. He knew, intuitively, what the law has in recent decades acknowledged: the perpetuation of stereotypes is one of many forms of invidious discrimination. And so he hoped that his heartfelt explanation would help the powerful adults in his community come to understand what his adolescent peers already did. G.G. clearly and eloquently attested that he was not a predator, but a boy, despite the fact that he did not conform to some people's idea about who is a boy.[1]

Regrettably, a majority of the School Board was unpersuaded. And so we come to this moment. High school graduation looms and, by this court's order vacating the preliminary injunction, G.G.'s banishment from the boys' restroom becomes an enduring feature of his high school experience. Would that courtesies extended to others had been extended to G.G.

---

[1] Footage of his compelling statement to the School Board is available at: https://www.youtube.com/watch?v=My0GYq_Wydw&feature=youtu.be.

Our country has a long and ignominious history of discriminating against our most vulnerable and powerless. We have an equally long history, however, of brave individuals—Dred Scott, Fred Korematsu, Linda Brown, Mildred and Richard Loving, Edie Windsor, and Jim Obergefell, to name just a few—who refused to accept quietly the injustices that were perpetuated against them. It is unsurprising, of course, that the burden of confronting and remedying injustice falls on the shoulders of the oppressed. These individuals looked to the federal courts to vindicate their claims to human dignity, but as the names listed above make clear, the judiciary's response has been decidedly mixed. Today, G.G. adds his name to the list of plaintiffs whose struggle for justice has been delayed and rebuffed; as Dr. King reminded us, however, "the arc of the moral universe is long, but it bends toward justice." G.G.'s journey is delayed but not finished.

G.G.'s case is about much more than bathrooms. It's about a boy asking his school to treat him just like any other boy. It's about protecting the rights of transgender people in public spaces and not forcing them to exist on the margins. It's about governmental validation of the existence and experiences of transgender people, as well as the simple recognition of their humanity. His case is part of a larger movement that is redefining and broadening the scope of civil and human rights so that they extend to a vulnerable group that has traditionally been unrecognized, unrepresented, and unprotected.

G.G.'s plight has shown us the inequities that arise when the government organizes society by outdated constructs like biological sex and gender. Fortunately, the law eventually catches up to the lived facts of people; indeed, the record shows that the

3

Commonwealth of Virginia has now recorded a birth certificate for G.G. that designates his sex as male.

G.G.'s lawsuit also has demonstrated that some entities will not protect the rights of others unless compelled to do so. Today, hatred, intolerance, and discrimination persist — and are sometimes even promoted — but by challenging unjust policies rooted in invidious discrimination, G.G. takes his place among other modern-day human rights leaders who strive to ensure that, one day, equality will prevail, and that the core dignity of every one of our brothers and sisters is respected by lawmakers and others who wield power over their lives.

G.G. is and will be famous, and justifiably so. But he is not "famous" in the hollowed-out Hollywood sense of the term. He is famous for the reasons celebrated by the renowned Palestinian-American poet Naomi Shihab Nye, in her extraordinary poem,

4

*Famous*.  Despite his youth and the formidable power of those arrayed against him at every stage of these proceedings, "[he] never forgot what [he] could do."[2]

Judge Floyd has authorized me to state that he joins in the views expressed herein.

---

[2] *See* N. S. Nye, *Famous*:
The river is famous to the fish.

The loud voice is famous to silence,
which knew it would inherit the earth
before anybody said so.

The cat sleeping on the fence is famous to the birds
watching him from the birdhouse.

The tear is famous, briefly, to the cheek.

The idea you carry close to your bosom
is famous to your bosom.

The boot is famous to the earth,
more famous than the dress shoe,
which is famous only to floors.

The bent photograph is famous to the one who carries it
and not at all famous to the one who is pictured.

I want to be famous to shuffling men
who smile while crossing streets,
sticky children in grocery lines,
famous as the one who smiled back.

I want to be famous in the way a pulley is famous,
or a buttonhole, not because it did anything spectacular,
but because it never forgot what it could do.

5