**PUBLISHED**

FILED:  August 2, 2017

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-2056**
(4:15-cv-00054-RGD-DEM)

GAVIN GRIMM,

    Plaintiff - Appellant,

  v.

GLOUCESTER COUNTY SCHOOL BOARD,

    Defendant - Appellee.

-------------------------------------

JUDY CHIASSON, Ph. D., School Administrator California; DAVID VANNASDALL, School Administrator California; DIANA K. BRUCE, School Administrator District of Columbia; DENISE PALAZZO, School Administrator Florida; JEREMY MAJESKI, School Administrator Illinois; THOMAS A. ABERLI, School Administrator Kentucky; ROBERT BOURGEOIS, School Administrator Massachusetts; MARY DORAN, School Administrator Minnesota; RUDY RUDOLPH, School Administrator Oregon; JOHN O'REILLY, School Administrator New York; LISA LOVE, School Administrator Washington; DYLAN PAULY, School Administrator Wisconsin; SHERIE HOHS, School Administrator Wisconsin; LEAH FREGULIA; STANFORD PRESCOTT; ADELITA GRIJALVA; MICHELLE KING; MONICA GARCIA; REF RODRIGUEZ, Ph. D.; JULIE VITALE, Ph. D.; SAN DIEGO COOPERATIVE CHARTER SCHOOLS; WENDY RANCK-BUHR, Ph. D.; SAN DIEGO UNIFIED SCHOOL DISTRICT; CINDY MARTEN; SAN FRANCISCO UNIFIED SCHOOL DISTRICT; ELDGRIDGE GREER, Ph. D.; ACHIEVEMENT FIRST PUBLIC CHARTER SCHOOLS; MORGAN BARTH; EMILY BANKS; GREGORY R. MEECE; CAROLYNE ALBERT-GARVEY; DANIEL F. GOHL; JANICE K. JACKSON, Ed.D.; KAREN CARNEY; SARAH SHIRK; BETH BAZER, Ed.D.; PAULA INSLEY MILLER, Ed.D.; CHIMILLE E. DILLARD, Ed.D.; THOMAS WEBER;

CATHERINE FROM; HOWARD COLTER; MATTHEW HANEY; KEN KUNIN; ROBERT A. MOTLEY; TOMMY CHANG, Ed.D.; CYNDY TAYMORE; LIZBETH DESELM; DELOIS COOKE SPRYSZAK; CRAIG MCCALLA; BLAKE PREWITT, Ed.S.; PAMELA RETZLAFF, Ed.D.; WASHOE COUNTY SCHOOL DISTRICT; JAMES C. MORSE, SR., Ed.D.; THE SCHOOL DISTRICT OF SOUTH ORANGE AND MAPLEWOOD; THOMAS SMITH, Ed.D.; CRAIG VAUGHN; ARTHUR DIBENEDETTO; LAS CRUCES PUBLIC SCHOOLS; HEIDI CARTER; ANTHONY GATTO; ERIC DOSS; PEYTON CHAPMAN; ZIAD W. MUNSON, Ph. D.; MICHAEL SCHILDER, Ed.D.; SUZANNE VINCENT; RACHEL SANTA, Ed.D.; KELLIE M HARGIS, Ed.D.; LINDSEY POLLOCK, Ed.D.; EMILY SUTHERLAND; BRIAN SCHAFFER; MONTPELIER PUBLIC SCHOOLS; WASHINGTON CENTRAL SUPERVISORY UNION; ARLINGTON COUNTY SCHOOL BOARD; SHERRI CYRA; LAURA H. LOVE; JERRY NICHOLSON; JILL GURTNER; WILLIAM DENO; MONICA SCHOMMER; BRYAN DAVIS, Ph. D.; PARU SHAH, Ph. D.; TIM KENNEY; THE NATIONAL WOMEN'S LAW CENTER; CONSTITUTIONAL ACCOUNTABILITY CENTER; SAMUEL R. BAGENSTOS; MARTIN S. LEDERMAN; MICHAEL C. DORF; LEAH M. LITMAN; AMERICAN ACADEMY OF PEDIATRICS; AMERICAN PSYCHIATRIC ASSOCIATION; AMERICAN ACADEMY OF CHILD AND ADOLESCENT PSYCHIATRY; AMERICAN COLLEGE OF PHYSICIANS; AMERICAN MEDICAL ASSOCIATION; AMERICAN ACADEMY OF FAMILY PHYSICIANS; AMERICAN ACADEMY OF NURSING; AMERICAN ACADEMY OF PHYSICIAN ASSISTANTS; AMERICAN MEDICAL WOMEN'S ASSOCIATION; AMERICAN NURSES ASSOCIATION; AMERICAN PSYCHOANALYTIC ASSOCIATION; ASSOCIATION OF MEDICAL SCHOOL PEDIATRIC DEPARTMENT CHAIRS; ENDOCRINE SOCIETY; GLMA: HEALTH PROFESSIONALS ADVANCING LGBT EQUALITY; MENTAL HEALTH AMERICA; NATIONAL ASSOCIATION OF SOCIAL WORKERS; SOCIETY FOR ADOLESCENT HEALTH AND MEDICINE; SOCIETY FOR PHYSICIAN ASSISTANTS IN PEDIATRICS; THE NATIONAL PTA; GLSEN; AMERICAN SCHOOL COUNSELOR ASSOCIATION; NATIONAL ASSOCIATION OF SCHOOL PSYCHOLOGISTS; MARYLAND PTA; EVIE PRIESTMAN; CARTER BROWN; KATE BROWN; SYDNEY GREENSTEIN, a/k/a Siddy; DYLAN KLEIMAN; SARAH LORE; KAYDEN ORTIZ; MAXWELL PLATT; ROWAN WOOLDRIDGE; INTERACT: ADVOCATES FOR INTERSEX YOUTH; DEANNA ADKINS, M.D.; MILTON DIAMOND, M.D.; JOEL FRADER, M.D.; KATRINA KARKAZIS, Ph. D.; AVIVA L. KATZ, M.D.; ELIZABETH REIS, Ph. D.; JOSHUA SAFER, M.D.; AIS-DSD SUPPORT GROUP; PFLAG, INC.; TRANS YOUTH EQUALITY FOUNDATION; GENDER SPECTRUM; GENDER DIVERSITY; AMERICANS UNITED FOR SEPARATION OF CHURCH AND STATE; ANTI-DEFAMATION LEAGUE; BEND THE ARC: A JEWISH PARTNERSHIP FOR JUSTICE; CENTRAL

CONFERENCE OF AMERICAN RABBIS; HADASSAH; KESHET; NATIONAL LGBT BAR ASSOCIATION; RECONSTRUCTIONIST RABBINICAL ASSOCIATION; UNION FOR REFORM JUDAISM; THE UNITED SYNAGOGUE OF CONSERVATIVE JUDAISM; WOMEN OF REFORM JUDAISM; NAACP LEGAL DEFENSE AND EDUCATION FUND, INC.; NATIONAL EDUCATION ASSOCIATION; AMERICAN FEDERATION OF TEACHERS, AFL-CIO; NATIONAL ASSOCIATION OF SECONDARY SCHOOL PRINCIPALS; AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO; SERVICE EMPLOYEES INTERNATIONAL UNION; SCHOOL SOCIAL WORK ASSOCIATION OF AMERICA; AMERICAN BAR ASSOCIATION; STATE OF NEW YORK; STATE OF WASHINGTON; STATE OF CALIFORNIA; STATE OF CONNECTICUT; STATE OF DELAWARE; STATE OF HAWAII; STATE OF ILLINOIS; STATE OF IOWA; STATE OF MAINE; STATE OF MARYLAND; COMMONWEALTH OF MASSACHUSETTS; STATE OF NEW MEXICO; STATE OF OREGON; COMMONWEALTH OF PENNSYLVANIA; STATE OF RHODE ISLAND; STATE OF VERMONT; COMMONWEALTH OF VIRGINIA; DISTRICT OF COLUMBIA; AFFIRM, INC.; AIRBNB, INC.; AKAMAI TEHCNOLOGIES, INC.; AMAZON.COM, INC.; APPLE, INC.; APPNEXUS, INC.; ASANA, INC.; BLOOMBERG, L.P.; BOX, INC.; RYZAC, INC., d/b/a Codecademy; CREDO MOBILE, INC.; DROPBOX, INC.; EBAY, INCORPORATED; FASTLY, INC.; FLIPBOARD, INC.; GENERAL ASSEMBLY SPACE, INC.; GITHUB, INC.; IBM CORPORATION; INDIEGOGO, INC.; INTEL CORPORATION; KAISER PERMANENTE; KICKSTARTER, PBC; KNOTEL, INC.; LINDEN RESEARCH, INC., d/b/a Linden Lab; LINKEDIN CORPORATION; MAC COSMETICS, INC; MAPBOX, INC.; MARIN SOFTWARE INC.; MASSMUTUAL LIFE INSURANCE COMPANY; MEETUP, INC.; MICROSOFT CORPORATION; THE MITCHELL GOLD CO., d/b/a Mitchell Gold + Bob Williams; MONGODB, INC.; NETAPP, INC.; NEXT FIFTEEN COMMUNICATIONS CORP; NEXTDOOR.COM, INC.; NIO; PANDORA MEDIA, INC.; PAYPAL HOLDINGS, INC.; POSTMATES INC.; REPLACEMENTS, LTD.; RETAILMENOT, INC.; SALESFORCE.COM, INC.; SHUTTERSTOCK, INC.; SLACK TECHNOLOGIES, INC.; SPOTIFY USA INC.; SUGARCRM INC; THE OUTCAST AGENCY; THE GAP, INC.; TUMBLR, INC.; TWILIO, INC.; TWITTER, INCORPORATED; WARBY PARKER; WEEBLY, INC.; WILLIAMS-SONOMA, INCORPORATED; XEROX CORPORATION; YAHOO! INCORPORATED; YELP, INC.; ZENDESK, INC.; A BETTER BALANCE: THE WORK & FAMILY LEGAL CENTER; CENTER FOR REPRODUCTIVE RIGHTS; FUTURES WITHOUT VIOLENCE; GIRLS INC.; HARVARD LAW GENDER VIOLENCE POLICY WORKSHOP; KNOW YOUR IX; LEGAL AID AT WORK; NATIONAL COUNCIL OF JEWISH WOMEN; NATIONAL ORGANIZATION FOR WOMEN FOUNDATION; NATIONAL WOMEN'S POLITICAL CAUCUS; NEW VOICES FOR REPRODUCTIVE

JUSTICE; PUBLIC JUSTICE; STOP SEXUAL ASSAULT IN SCHOOLS; THE NATIONAL CRITTENTON FOUNDATION; THE WOMEN'S LAW PROJECT; WOMEN'S SPORTS FOUNDATION; ARNE DUNCAN; JOHN B. KING, JR.; CATHERINE ELIZABETH LHAMON; JAMES COLE, JR.; MATHEW S. NOSANCHUK; PATRICIA SHIU; M. PATRICIA SMITH; DAVID MICHAELS; DAVID LOPEZ; JOCELYN SAMUELS,

Amici Supporting Appellant,

STATE OF ALABAMA; STATE OF ARIZONA; STATE OF ARKANSAS; STATE OF GEORGIA; STATE OF KANSAS; STATE OF LOUISIANA; STATE OF MISSISSIPPI; STATE OF MISSOURI; STATE OF NEBRASKA; STATE OF OHIO; STATE OF OKLAHOMA; STATE OF SOUTH CAROLINA; STATE OF TENNESSEE; STATE OF TEXAS; STATE OF UTAH; STATE OF WEST VIRGINIA; MATTHEW G. BEVIN, Governor, Commonwealth of Kentucky; JUDITH REISMAN, Ph. D.; THE CHILD PROTECTION INSTITUTE; EAGLE FORUM EDUCATION AND LEGAL DEFENSE FUND; FOUNDATION FOR MORAL LAW; NORTH CAROLINA VALUES COALITION; FAMILY RESEARCH COUNCIL; ALLIANCE DEFENDING FREEDOM; WOMEN'S LIBERATION FRONT; FAMILY POLICY ALLIANCE; CITIZENS UNITED; CITIZENS UNITED FOUNDATION; PUBLIC ADVOCATE OF THE UNITED STATES; UNITED STATES JUSTICE FOUNDATION; CONSERVATIVE LEGAL DEFENSE AND EDUCATION FUND; THE BECKET FUND FOR RELIGIOUS LIBERTY; PAUL R. MCHUGH, M.D.; PAUL HRUZ, Ph. D., M. D.; LAWRENCE MAYER, Ph. D.,

Amici Supporting Appellee.

---

ORDER

---

Gavin Grimm, a transgender boy, commenced this action against the Gloucester County School Board in July 2015, alleging that the School Board's policy of assigning students to restrooms based on their biological sex violated Title IX and the Equal Protection Clause of the Fourteenth Amendment. Shortly thereafter, the district court issued a  memorandum opinion and order dated September 17, 2015, (1) dismissing

4

Grimm's claim under Title IX for failure to state a claim, and (2) denying his motion for a preliminary injunction based on alleged violations of Title IX and the Equal Protection Clause. 132 F. Supp. 3d 736, 753 (E.D. Va. 2015).

In a decision dated April 19, 2016, we reversed the district court's dismissal of Grimm's Title IX claim, relying on a guidance document issued by the U.S. Department of Education and U.S. Department of Justice. We also remanded the order denying the injunction, finding that the district court had applied the incorrect evidentiary standard in evaluating Grimm's motion for a preliminary injunction. 822 F.3d 709 (4th Cir. 2016). Based on our ruling on Grimm's Title IX claim, the district court issued an order dated June 23, 2016, granting Grimm's motion for a preliminary injunction and requiring the School Board to allow Grimm to use bathrooms designated for males. 2016 WL 3581852 (E.D. Va. June 23, 2016).

The School Board filed a petition for a writ of certiorari to review our April 2016 decision, and the Supreme Court granted the petition. 137 S. Ct. 369 (2016) (mem.).

After the Supreme Court calendared the case for argument, the new Administration issued a guidance document on February 22, 2017, that withdrew the prior Administration's guidance document regarding the treatment of transgender students, and the Court then vacated our April 2016 decision and remanded the case to us "for further consideration in light of the [new] guidance document issued by the Department of Education and Department of Justice." 137 S. Ct. 1239 (2017) (mem.). In turn, we vacated the district court's June 23, 2016 preliminary injunction. 853 F.3d 729 (4th Cir. 2017) (mem.).

Because the Supreme Court vacated our April 2016 decision and we thereafter vacated the district court's June 2016 preliminary injunction, we now have before us on appeal the district court's original memorandum opinion and order dated September 17, 2015.

To account for intervening events from when Grimm first filed his appeal, the parties have submitted supplemental briefs that address several issues that were not before us when we previously heard the case or before the district court when it issued its September 17, 2015 memorandum opinion and order. In its supplemental briefing, the School Board contends that this case has become moot because, after our April 2016 decision, Grimm apparently graduated from high school on June 10, 2017. The School Board argues that, absent any allegation of a "particular intention to return to school after graduation," this change of status deprives Grimm of a continued interest in the litigation, rendering the case moot. Supp. Reply Br. of Sch. Bd. at 4; *see also* Supp. Br. of Sch. Bd. at 18–20. The School Board states further that its bathroom policy does not necessarily apply to alumni, and that the issue of whether the policy is applicable to alumni is not yet ripe for adjudication. In his briefing, Grimm challenges these contentions, arguing that his possible "future attendance at alumni and school-community events" establishes a concrete interest in obtaining an injunction, Supp. Br. of Pl.-Appellant at 19, and that the School Board's "noncommittal statement" regarding the enforceability of its policy "falls far short of a representation that the Board will voluntarily cease discriminating against [him]." Supp. Reply Br. of Pl.-Appellant at 4. The School Board thus suggests an absence of our jurisdiction, while Grimm contends that we continue to have jurisdiction.

6

Of course, at any stage of litigation, a federal court must have jurisdiction to resolve the merits of a dispute, as an absence of jurisdiction deprives a court of the power to act. *See Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) ("[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed"); *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) ("The inability of the federal judiciary 'to review moot cases derives from the requirement of Art. III of the Constitution'" (quoting *Liner v. Jafco, Inc.*, 375 U.S. 301, 306 n.3 (1964))). Because our power may be at issue, we are not free simply to avoid the question of whether the case has become moot and proceed to decide the case on the merits. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–95 (1998). Jurisdiction, when questioned or when questionable, must always be determined first, as it is "always an antecedent question." *Id*. at 101.

Thus, a crucial threshold question arises in this appeal whether "one or both of the parties plainly lack a continuing interest" in the resolution of this case such that it has become moot. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 192 (2000). While our jurisdiction is thus questioned, the facts on which our jurisdiction could be decided are not in the record before us. Because all of the prior litigation was conducted while Grimm was a student, the parties have presented us with nothing more than unsupported assertions regarding Grimm's continued connection to his high school and the applicability of the School Board's policy. And our own "analysis of these matters . . . cannot be achieved simply by reviewing the plaintiffs' pleadings and the limited record on appeal." *Al Shimari v. CACI Premier Tech., Inc.*, 758 F.3d 516, 536 (4th Cir. 2014) (remanding to allow for factfinding related to whether the case presented a

nonjusticiable political question). Accordingly, we conclude that it is necessary to remand this case to the district court to determine, in the first instance, whether this case has become moot by reason of Grimm's graduation — a resolution that will likely "require factual development of the record by the district court and possibly additional jurisdictional discovery." *Id.*; *see also* 28 U.S.C. § 2106.

Accordingly, we remand this to the district court for the limited purpose of resolving, in the first instance, whether this case has become moot.

Entered at the direction of Judge Niemeyer, with the concurrence of Judge Duncan and Judge Floyd.

For the Court

/s/ Patricia S. Connor, Clerk